UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| OVIEDO MEDICAL CENTER, LLC | ) | |
| | ) | CASE NO.: |
| | ) | |
| PLAINTIFF, | ) | HON. |
| | ) | |
| v. | ) | |
| | ) | |
| ADVENTIST HEALTH SYSTEM/SUNBELT, INC. d/b/a ADVENTHEALTH OVIEDO ER | ) | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| DEFENDANT. | ) | |
| | ) | |

Plaintiff Oviedo Medical Center, LLC ("Plaintiff" or "Oviedo Medical Center"), by and through counsel of record, hereby files this Complaint for Injunctive Relief ("Complaint") against Defendant AdventHealth f/k/a Adventist Health System ("Defendant" or "AdventHealth") as follows:

## INTRODUCTION

1. This is an action for trademark infringement and unfair competition (false designation of origin) under the Lanham Act, 15 U.S.C. §1125(a); cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); common law trademark infringement; common law unfair competition and unjust enrichment under Florida law (the "Action"). Plaintiff is seeking monetary damages, attorneys' fees, and preliminary and permanent injunctive relief preventing continuing acts of infringement, cybersquatting and unfair competition on the part of Defendant.

## THE PARTIES

2. Plaintiff Oviedo Medical Center is a 64-bed acute care hospital bringing a full range of healthcare services to east Seminole County and surrounding communities. Oviedo Medical Center also operates a 22 bed Emergency Department ("Oviedo ER") which is the subject of this Action. Oviedo Medical Center is a Florida Limited Liability Company with an address of One Park Plaza, Nashville, Tennessee 37203.

3. On information and belief, Defendant, AdventHealth is a Florida corporation with an address of 900 Hope Way, Altamonte Springs, Florida 32714. The registered agent for service of process is Jeff Bromme, 900 Hope Way, Altamonte Springs, Florida 32714.

## JURISDICTION AND VENUE

4. This action is brought in part under the Federal Lanham Act, 15 U.S.C. §1051 *et seq*., and this Court has original jurisdiction over the Lanham Act pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §1338(a).

5. This Court has original jurisdiction over the claim of unfair competition alleged herein also pursuant to 28 U.S.C. §1338(b).

6. Jurisdiction over the claims other than those based on the Lanham Act is also proper under 28 U.S.C. §1367, because those claims are so related to the claims brought under the Lanham Act that they form a part of the same case or controversy. Service of Defendant is proper pursuant to Fed. R. Civ. P. 4(h)(1).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 1400(a). The trademarks or designations which are the subject of this litigation were and are publicly displayed in the Middle District of Florida; the claims alleged in this action arose in the Middle District of Florida; and Defendant is doing business and may be found in this Division of the Middle District of Florida.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff transacts substantial business within the Middle District of Florida and has facilities located in the Middle District of Florida.

9. The acts of trademark infringement, cybersquatting, unfair competition, and other wrongful acts by Defendant alleged in this Complaint arose in substantial part within the Middle District of Florida.

10. On information and belief, Defendant has derived, and unless enjoined will continue to derive, substantial direct financial benefits from the unlawful activities alleged in this Complaint in this District.

## FACTUAL BACKGROUND

### Plaintiff and its OVIEDO ER Mark

11. Plaintiff, either on its own or via a predecessor entity, has been providing emergency room services, including pediatric emergency care, diagnostic imaging, and cardiac life support, under the trade name/service mark OVIEDO ER since it opened a free-standing emergency care facility in Oviedo, Florida in 2013.

12. Plaintiff's OVIEDO ER facility was the first free-standing emergency care facility of its kind in the Oviedo, Florida area when it opened in 2013.

13.     Even prior to the opening of its facility, Plaintiff, through a predecessor entity, engaged in promotional and branding work in connection with the name and mark OVIEDO ER.

14.     For instance, Plaintiff, through a predecessor entity, obtained the Domain Name OVIEDOER.COM on November 30, 2012.   *See* WHOIS Database Printout, attached as **Exhibit 1**.  Since November 2012, Plaintiff or its predecessor has continuously operated the www.oviedoer.com website.

15.     A current screenshot of Plaintiff's website prominently features the OVIEDO ER Mark as illustrated below:



*See* website screen shot, attached hereto as **Exhibit 2** (emphasis added).

16.     These efforts also included the registration of the Fictitious Name of "OVIEDO ER" with the State of Florida Division of Corporations on September 19, 2013 by Plaintiff's predecessor.  Plaintiff subsequently filed its second Fictitious Name registration with the State

of Florida Division of Corporations in the name of Plaintiff on February 22, 2017. This second Fictitious Name registration is valid and subsisting until December 31, 2022. Copies of Plaintiff's Fictitious Name records are attached as **Exhibit 3**.

17. Plaintiff's predecessor opened its facility under the name and mark OVIEDO ER on November 25, 2013. Since that time, Plaintiff, either on its own or via its predecessor in interest, has continuously used the name and mark OVIEDO ER, in commerce and within the State of Florida, to promote its healthcare, medical, and emergency medical related services. The OVIEDO ER name and mark has become synonymous with Plaintiff and is well-known in the Plaintiff's trade area.

18. When Plaintiff acquired the OVIEDO ER branded facility in 2017, it acquired the rights in the OVIEDO ER trade name and service mark from its predecessor.

19. Plaintiff prominently uses its OVIEDO ER mark in its facility signage and in other promotional materials and has done so since the opening of the facility in 2013. The following images show how the OVIEDO ER mark is displayed on the signage of the facility as of this filing and is representative of how the mark has appeared in signage since the facility opened:





*See* photos of Plaintiff's OVIEDO ER facility, collectively attached hereto as **Exhibit 4**.

20.     Since the opening of Plaintiff's Oviedo ER, consumers and the media have recognized the name "OVIEDO ER" and the OVIEDO ER mark as signifying the Plaintiff and its emergency care facility.   *See* Declaration of Tonya Lyles, attached hereto as **Exhibit 5**

("Lyles Decl."), ¶¶ 4-5.

21. For example, even the Wikipedia page for the city of Oviedo, Florida has referred to Plaintiff's OVIEDO ER mark and name and associated that name with Plaintiff. The specific reference appears as follows:

## New developments [ edit ]

In 2015, the city of Oviedo dedicated a brand new downtown development just south of the current "old downtown" along Oviedo Boulevard. The new town center, named "Oviedo on the Park", is a mixed use development with townhouses, apartment homes, restaurants, and retail. It is centered around the new Center Lake Park with a man-made lake, large amphitheater, playground and Veterans Tribute.

A 64-bed hospital called the Oviedo Medical Center opened in January, 2017. A new Emergency Room (ER) hospital, called Oviedo ER, was completed in 2014. Oviedo ER is a department of Central Florida Regional Hospital.[22] The Oviedo ER is located on the corner of Red Bug Lake Road and West Broadway.

*See* Wikipedia page reference, attached as **Exhibit 6** (emphasis added).

22. Further, Foursquare, a social networking service which provides the public City Guides, identifies Plaintiff's facility located on 8300 Red Bug Lake Road, Oviedo, Florida 32765 as "OVIEDO ER." *See* printout of Foursquare.com, attached hereto as **Exhibit 7**.

23. Because of its commitment to bring a full-service hospital to the Oviedo community, Plaintiff subsequently began working towards opening a full service hospital contiguous to the existing emergency care facility which would continue to incorporate the OVIEDO ER mark.

24. Indeed, Plaintiff's efforts eventually led to the opening of the Oviedo Medical Center in January, 2017, which is a full service hospital. Even after the opening of Oviedo Medical Center, the majority of the patients treated at Oviedo Medical Center originate from the OVIEDO ER branded facility.

25. Moreover, after Oviedo Medical Center opened, Plaintiff continued using the

service mark OVIEDO ER and the community continues to identify the facility by that name. *See* Lyles Decl., **Exh. 5,** ¶ 4.

26. Since it opened in 2013, Plaintiff's OVIEDO ER facility has served over 135,000 patients and created hundreds of jobs for the community.

27. Since the OVIEDO ER branded facility was opened in 2013, Plaintiff (and its predecessor) has received significant media publicity which has helped to further establish the public's connection between the OVIEDO ER mark and name and Plaintiff. Selected copies of news articles from publications such as the *Orlando Sentinel*, *Florida Today*, and *Orlando Business Journal* are attached as collective **Exhibit 8**.

28. Since it opened in 2013, Plaintiff has spent in excess of $1.3 million dollars in advertising and promotional costs related to the promotion of the OVIEDO ER branded facility.

29. By way of example, these advertising and promotional efforts include mass mailings to households in the relevant market promoting services provided by the OVIEDO ER branded facility, such as one titled "STOMACH PAIN?" to highlight the OVIEDO ER branded facility's services relating to severe abdominal pain. *See* Plaintiff's mailer titled "STOMACH PAIN?", attached as **Exhibit 9** ("STOMACH PAIN? Mailer").

30. In the STOMACH PAIN? Mailer, Plaintiff stated

> The Oviedo ER℠ at Oviedo Medical Center has the staff, equipment and expertise to handle the most critical medical emergencies. And with average ER wait times that are consistently shorter than the national average, we can get you in and get you treated promptly and efficiently.

*Id.* (emphasis added).

31. The STOMACH PAIN? Mailer further refers the public to the OVIEDO ER branded facility's website, www.oviedoer.com. *Id.*

32. A second mass mailing to the same geographic area titled "BAD BREAK?" further highlights the OVIEDO ER branded facility's ability to treat bone breaks. *See* Plaintiff's mailer titled "BAD BREAK?", attached as **Exhibit 10** ("BAD BREAK? Mailer").

33. The BAD BREAK? Mailer also references the OVIEDO ER mark as follows:

> Accidents happen fast. Emergency care should, too. The Oviedo ER[SM] at Oviedo Medical Center has the staff, equipment and expertise to handle the most critical medical emergencies. And with average ER wait times that are consistently shorter than the national average, we can get you in and get you treated promptly and efficiently.

*Id*. (emphasis added).

34. Another example of the advertising and promotional costs related to the promotion of the OVIEDO ER branded facility is a current advertisement posted on the Oviedo Chamber of Commerce website as follows:





8300 Red Bug Lake Rd. | Oviedo, FL 32765 | (407) 890-CARE | OviedoMedicalCenter.com

*See* Chamber of Commerce Advertisement, attached hereto as **Exhibit [11]**.

35. As a result of Plaintiff's continuous and substantially exclusive use of the OVIEDO ER mark over the past five (5) plus years, and by virtue of extensive and significant press and advertising of the OVIEDO ER mark by Plaintiff and other third parties, the OVIEDO ER mark is well-known to the public in Plaintiff's trade area as signifying the facility owned by Plaintiff as well as the services provided by Plaintiff at that facility. *See* Lyles Decl., **Exh. 5,** ¶¶ 4-5. Consumers have come to understand that the name OVIEDO ER identifies Plaintiff and the emergency care facility operated by Plaintiff and further serves to distinguish Plaintiff between its competitors in the market. *Id.*

36. The OVIEDO ER mark has thereby acquired substantial goodwill and value to Plaintiff.

37. Indeed, patients often refer to Plaintiff's facility as OVIEDO ER. By way of example, on July 15, 2019, a patient's family member sent an email to Plaintiff summarizing their recent positive experience with the OVIEDO ER branded facility and stated:

> [a] quick note to recognize and share with you the excellent level of care the ___ _ family experienced, at the Oviedo ER the Sat. over the July 4th Holiday Weekend!

*See* redacted "ER Kudos", redacted to protect Personal Health Information, attached as **Exhibit 12**.

38. Because of its substantially exclusive and continuous use of the OVIEDO ER mark in commerce for over five years, and by virtue of the Plaintiff's extensive use and promotion of the OVIEDO ER mark resulting in the direct association of the mark with Plaintiff as the source of its services, the OVIEDO ER mark has acquired distinctiveness under §2(f) of the Lanham Act, 15 U.S.C. §1052(f).

**Defendant and its Infringing Use of the OVIEDO ER Mark**

39. Upon information and belief, Defendant is a faith-based health care system sponsored by Seventh-day Adventist Church, headquartered in Altamonte Springs, Florida and operates facilities within nine states in the United States, including throughout Florida.

40. Defendant has 45 hospital campuses, more than 8200 licensed beds in nine states, and serves more than five million patients annually.

41. Defendant formerly operated as Florida Hospital and before its name change to "AdventHealth" in early 2019, Florida Hospital was a Central Florida-based health care chain with nearly 50 hospital campuses.

42. On or about August 2018, Florida Hospital and its parent company, Adventist Health System, announced all facilities would change their name to "AdventHealth." On information and belief, the name change to "AdventHealth" was effective January 2, 2019.

43. Soon thereafter, in the fall of 2018, Defendant sent out invitations announcing the groundbreaking of a new planned facility on November 1, 2018 under the name "FLORIDA HOSPITAL OVIEDO ER." A copy of this invitation appears below and is attached to this Complaint as **Exhibit 13**.

FLORIDA HOSPITAL OVIEDO ER

**WHEN:** Thursday, November 1, 2018 at 10 am

**WHERE:** 8100 Red Bug Lake Rd, Oviedo, FL

***Light refreshments will be served.***

Preview the expanded services coming to the Oviedo community!

***Parking available on site.***

*Please remember this is an active construction site and appropriate footwear is recommended.*

44. On or about November 1, 2018, the announced groundbreaking took place on property located only about a mile from Plaintiff's OVIEDO ER branded facility, also on Red Bug Lake Road.

45. Defendant's proposed OVIEDO ER facility was and continues to be a freestanding emergency care facility that would operate in direct competition to Plaintiff in the exact same trade area and market and, in fact, on the very same street.

46. As early as November 5, 2018, the media had reported the groundbreaking and reference was made to Defendant's facility as a new OVIEDO ER and even referenced Plaintiff's OVIEDO ER branded facility in the same article. *See* Orlando Business Journal Article dated November 5, 2018, attached hereto as **Exhibit 14.**

47. Further, since it announced the potential opening of its OVIEDO ER facility, Defendant has continually referred to its facility as OVIEDO ER in marketing and promotional material. For instance, on its current website, Defendant prominently refers to the new facility as OVIEDO ER and states as follows:

The Help You Need, **When You Need It**

In an emergency, it's sometimes challenging to decide what to do, where to go and what is needed. At Oviedo ER, our staff will sort out all the details and work to get you the answers your family needs. It's our passion, our life's work, to be there when you need us most.

If you or your family member experience a condition or injury that could cause significant harm without quick medical attention, the emergency room is the place to go. When our new Oviedo ER opens, we'll treat emergency conditions such as:

Connected Care

When You **Need Us**

We're building Oviedo ER as part of the AdventHealth network of care. That means if you or your loved one need care beyond the emergency room, we offer important advantages such as:

*See* Website printouts, attached hereto as **Exhibit 15** (emphasis added).

48. Moreover on its website, Defendant is recruiting new employees for the facility and states that "OVIEDO ER will be staffed by board-certified emergency physicians, critical care nurses, and stroke and chest pain experts trained to stop a heart attacked in minutes." *See* Website printouts, attached hereto as **Exhibit 16** (emphasis added).

49. Defendant also uses and references the name OVIEDO ER in connection with the search result advertisements generated through search engines such as Google. For example, a search of the exact term OVIEDO ER yields an advertisement for Defendant's facility as the second search result. Within the advertisement, Defendant uses the name "Oviedo ER" in the title of its ad, as well as within the ad text. This use appears as follows:



ER Wait Times · Contact Us · About | Oviedo Medical Center · Pay Bill Online
You visited this page on 6/26/19.

Oviedo ER • AdventHealth Careers
https://www.adventhealthcareersgreaterorlando.com/hospitals/oviedo-er/
AdventHealth **Oviedo ER** will be a brand-new, freestanding facility dedicated to 24/7 care. It is our goal to provide ... er access to hospital-based ER services ...

Florida Hospital breaks ground on ER in Oviedo - Orlando Sentinel
https://www.orlandosentinel.com/.../os-ne-oviedo-er-florida-hospital-20181101-story....

A full copy of the first page of the Google search results is attached as **<u>Exhibit 17</u>** (emphasis added). A later appearing search result advertisment posted by Defendant shows Defendant touting itself as "building Oviedo ER". This advertisement appears as follows:

Feedback

AdventHealth Oviedo ER | AdventHealth
https://www.adventhealth.com/hospital-and-emergency.../adventhealth-oviedo-er
We're building **Oviedo ER** as part of the AdventHealth network of care. That means if you or your loved one need care beyond the emergency room, we offer ...

*See Id*. (emphasis added).

50. Defendant's prominent use of the term OVIEDO ER further heightens the likelihood that consumers will be confused and/or believe that the two "Oviedo ER's" are affiliated or somehow related – even if Defendant were to use the term "Adventhealth" preceding the exact OVIEDO ER mark. For example, an Internet search of the words "AdventHealth Oviedo ER" produces the following results that simply refer to AdventHealth's facility as "Oviedo ER":



*See* Website printouts, attached hereto as **Exhibit 18** (emphasis added).

51.     If Defendant is permitted to use the exact term OVIEDO ER in its name and in the marketing for its competing healthcare facility, there will be significant consumer confusion as to the source or affiliation of the parties' respective services.

**Plaintiff Notifies Defendant of its Infringing Activity**

52.     After learning of Defendant's actions and greatly concerned about the possibility of confusion, Plaintiff contacted Defendant by counsel through a letter dated November 16, 2018. *See* November 16, 2018 letter, attached hereto as **Exhibit 19**.

53.      In this letter, counsel for Plaintiff informed Defendant that Plaintiff had been using the OVIEDO ER name and mark to brand its freestanding emergency care facility since 2013.

54.     Counsel for Plaintiff further stated that Defendant's use of the term OVIEDO ER in any context will "likely cause significant confusion with EMS personnel, patients, and the public, which is heightened by the fact that the new facility will be situated less than one mile from Oviedo ER. Since time is of the essence in emergency care situations, any resulting confusion could be detrimental to patient care, which we are confident that you would likewise want to avoid." *Id.*

55.     Since Defendant had no permission from Plaintiff to use the term OVIEDO ER, or anything confusingly similar, Plaintiff demanded that Defendant cease and desist from any further use of the term and suggested the parties work together to resolve the matter in a constructive, amicable manner.

56.     On December 6, 2018, counsel for Defendant responded and represented that Defendant would rebrand to the name "ADVENTHEALTH OVIEDO ER" when referencing its emergency room facility.  *See* letter dated December 6, 2018 attached as **Exhibit 20**.

57.     On January 2, 2019, counsel for Plaintiff replied and stated that Plaintiff has been "the only entity using OVIEDO ER as a trade name and service mark in the vicinity at issue since 2013" and is the only party to establish secondary meaning pursuant to Section 2(f) of the Trademark Act.  *See* letter dated January 2, 2019 attached as **Exhibit 21**.  Plaintiff's counsel further articulated Plaintiff's objection to Defendant's use of the rebranded name "ADVENTHEALTH OVIEDO ER" or any other name that wholly incorporates the exact "OVIEDO ER" mark and name in any fashion.

58.     Having received no response, Plaintiff's sent a follow up letter on April 17, 2019, reiterating its objection to Defendant's planned use of the name "ADVENTHEALTH OVIEDO ER".  *See* letter dated April 17, 2019 attached hereto as **Exhibit 22**.  Defendant has ignored this demand.

**Defendant's Continued Defiance of Plaintiff's Trademark Rights**

59.     In further violation of Plaintiff's rights, on or about May 30, 2019, and after receiving repeated notice of Plaintiff's objections, Defendant erected a billboard on the property of its future free-standing emergency room, which appears as follows:



*See* Photo taken May 30, 2019, attached hereto as **Exhibit 23**.

60.     Upon information and belief, Defendant's own employees and executives refer to itself as OVIEDO ER.  For example, at the Oviedo Winter Springs Regional Chamber of Commerce Healthcare Update luncheon on June 6, 2019, Defendant's CEO, Jennifer Wandersleben, referred to her company as being OVIEDO ER to those in attendance at the luncheon.

61.     On June 13, 2019, the Orlando Business Journal published an article about Defendant's new facility that featured a picture of Plaintiff's OVIEDO ER branded facility – demonstrating confusion between the two companies.  The headline and photograph appeared as follows:



**AdventHealth's trio of freestanding ERs joins statewide push**

Email | Share | Share | Tweet | Save | Print | Order Reprints

VIEW SLIDESHOW
21 photos

Southern Hills
LENNAR
Your Golf Getaway Awaits
Pete Dye Signature Course
Learn More

IN THIS ARTICLE

AdventHealth (Altamonte Springs FL)
Company

Allan Baumgarten

By Ryan Lynch – Staff Writer, Orlando Business Journal
Jun 13, 2019, 3:20pm EDT

Building these facilities can be part of a larger strategy of following population growth – and more.

*See* June 13, 2019 article, attached as **<u>Exhibit 24</u>**.

62. Even more concerning, and as disclosed in Plaintiff's cease and desist communications, emergency services, such as EMTs and fire departments, could be confused as to which OVIEDO ER they are supposed to take patients to – which could prejudice patient care because of the possibility of delayed treatment from the diversion of care.

63. In addition, despite having full knowledge of Plaintiff's claimed rights to the OVIEDO ER mark and name and Plaintiff's objections to the Defendant's use of the exact phrase OVIEDO ER in any fashion, on or about June 24, 2019, Defendant registered the domain name <<u>workatoviedoer.com</u>> through GoDaddy.com. Although that domain name was registered using GoDaddy.com's proxy service – which conceals the identity of the actual registrant of the domain name - as of this filing, the domain name <<u>workatoviedoer.com</u>>

redirects to Defendant's website for its "AdventHealth Oviedo ER" facility that will be competing directly with Plaintiff's OVIEDO ER branded facility. A copy of the WHOIS results for the <workatoviedoer.com> domain name is attached as **Exhibit 25**. A screenshot of the redirected website as it appeared on August 28, 2019 is attached as **Exhibit 26**. In fact, upon information and belief, Defendant intends to open its facility on October 6, 2019.

64. Based on the foregoing, Defendant's use of Plaintiff's OVIEDO ER name and mark is likely to cause confusion as to the source of the goods and services associated with the mark, and/or is likely to suggest sponsorship of the services and/or affiliation between Plaintiff and Defendant. *See* Lyles Decl., **Exh. 5,** ¶ 5.

**COUNT I**
**Federal Unfair Competition and False Designation of Origin**
**(15 U.S.C. § 1125(a))**

65. Plaintiff repeats and realleges paragraphs 1 through 64 of this Complaint as if set forth herein.

66. Plaintiff has adopted and used its OVIEDO ER mark, in commerce, since at least November 25, 2013 in marketing, advertising and performance of services to identify Plaintiff as the source of healthcare, medical, and emergency medical related services.

67. As a result of Plaintiff's substantially exclusive and continuous use of the OVIEDO ER mark, in commerce, for over the past five (5) years, and based on Plaintiff's extensive use and promotion of its services using the OVIEDO ER mark since 2013, consumers have come to associate the OVIEDO ER mark with Plaintiff and the OVIEDO ER mark serves to distinguish Plaintiff from its competitors in the market. This has resulted in Plaintiff's OVIEDO ER mark acquiring distinctiveness and/or secondary meaning.

68.     Plaintiff owns all rights, title, and interest in and to the OVIEDO ER mark.

69.     The aforesaid acts of Defendant, including, but not limited to, the use of the OVIEDO ER mark and/or the exact term and phrase OVIEDO ER, including as part of ADVENTHEALTH OVIEDO ER, in connection with the distribution, marketing, performance and/or sale of Defendant's competing services, constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of Defendant's services, or other commercial activities provided by Plaintiff.

70.     Defendant does not have permission from Plaintiff to use the exact term and phrase OVIEDO ER or the OVIEDO ER mark.

71.     Defendant's use of the OVIEDO ER mark and/or the exact term and phrase OVIDEO ER, including as part of ADVENTHEALTH OVIEDO ER, in connection with the distribution, marketing, performance and/or sale of Defendant's services constitutes false designation of origin, false and misleading description and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Defendant is creating a false designation of origin and is deceiving and confusing customers, their families, and emergency services through the violation of the rights of Plaintiff as set forth herein.

73.     The aforesaid acts of Defendant were and are knowing, deliberate, willful, and/or intended to cause mistake or to deceive, and in reckless disregard of Plaintiff's rights.

74. Defendant's continued unauthorized use of the OVIEDO ER mark and/or the exact term and phrase OVIEDO ER, including as part of ADVENTHEALTH OVIEDO ER, in advertising, in interstate commerce, and to render a competing service, infringes upon Plaintiff's goodwill, reputation, and trademark rights; creates a likelihood of injury to Plaintiff's business reputation; causes a likelihood of confusion as to the affiliation, connection, or association of Defendant's business with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant's services, or commercial activities by Plaintiff; and otherwise unfairly competes with Plaintiff. If such actions are continued, they will cause irreparable and substantial damage to Plaintiff and will result in Defendant being unjustly enriched and unlawfully deriving profits and gains.

75. Defendant's aforementioned actions have caused and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from violations of Plaintiff's rights. Plaintiff has no adequate remedy at law and therefore seeks injunctive relief from this Court under 15 U.S.C. § 1116 and such monetary relief to which it is entitled pursuant to 15 U.S.C. § 1117, including treble actual damages, reasonable attorneys' fees and costs.

**COUNT II**
**Cybersquatting**
**(15 U.S.C. § 1125(d))**

76. Plaintiff repeats and realleges paragraphs 1 through 75 of this Complaint as if set forth herein.

77. Defendant has registered and uses the domain name <workatoviedoer.com> -- which wholly incorporates Plaintiff's OVIEDO ER mark.

78.     Defendant registered and is using the domain name <workatoviedoer.com> after Defendant received notice from Plaintiff as to Plaintiff's claim of ownership in and to the OVIEDO ER mark and Plaintiff's objections to any use of the exact term OVIEDO ER by Defendant.

79.     Defendant's unauthorized registration and/or use of the OVIEDO ER mark in its <workatoviedoer.com> domain name is likely to cause confusion, mistake, or deception with regard to the origin of such goods and services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant to provide its competing services, or in some way Defendant is connected to or affiliated with Plaintiff, when it is not.

80.     This is especially true since Plaintiff's OVIEDO ER mark was distinctive of Plaintiff's OVIEDO ER at the time Defendant registered the <workatoviedoer.com> domain name.

81.     The <workatoviedoer.com> domain name is identical or confusingly similar to and/or wholly incorporates Plaintiff's OVIEDO ER mark.

82.     Defendant acted with bad faith intent to profit from the OVIEDO ER mark though both its registration and use of the <workatoviedoer.com> domain name.

83.     Defendant intends to divert consumers from Plaintiff's website to the Defendant's website under the <workatoviedoer.com> domain name for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant's website by Plaintiff.   The Defendant's website under the

<workatovieoder.com> domain name has the potential to harm the goodwill in and to the OVIEDO ER mark.

84. Defendant's actions herein are willful and in reckless disregard for the rights of Plaintiff.

85. By reason of Defendant's misconduct, Plaintiff has been damaged and will suffer damage to its business, reputation and goodwill and the loss of sales and profits in an amount to be determined at trial.

86. By reason of Defendant's misconduct, Plaintiff is entitled to recover from Defendant any actual damages it has suffered, any profits incurred by Defendant, statutory damages, and/or its attorneys' fees and costs.

87. Plaintiff has no adequate remedy at law and is further entitled to an injunction against Defendant requiring Defendant to transfer the <workatoviedoer.com> domain name to Plaintiff, together with other relief as is just and equitable in the circumstances.

**COUNT III**
**Common Law Trademark Infringement**

88. Plaintiff repeats and realleges paragraphs 1 through 87 of this Complaint as if set forth herein.

89. Plaintiff has adopted and used its OVIEDO ER mark, in commerce and within the State of Florida, since at least as early as November 25, 2013, in connection with marketing, advertising, and performance of services to identify Plaintiff as the source of healthcare, medical, and emergency medical related services.

90. As a result of Plaintiff's substantially exclusive and continuous use of the OVIEDO ER mark for over the past five years in commerce and within the State of Florida,

and based on Plaintiff's extensive use and promotion of its services using the OVIEDO mark since 2013 in commerce and within the State of Florida, consumers have come to associate the OVIEDO ER mark with Plaintiff and the OVIEDO ER mark serves to distinguish Plaintiff from its competitors in the market.  This has resulted in Plaintiff's OVIEDO ER mark acquiring distinctiveness and/or secondary meaning.

91.     Plaintiff owns all rights, title, and interest in and to the OVIEDO ER mark, including all common law rights in such mark that exist in the State of Florida.

92.     Defendant, without authorization from Plaintiff, has used and is continuing to use the exact term and phrase OVIEDO ER, including as part of ADVENTHEALTH OVIEDO ER, which is identical to, substantially indistinguishable from, or confusingly similar to the OVIEDO ER mark.

93.     Defendant is using the exact term and phrase OVIEDO ER, including as part of ADVENTHEALTH OVIEDO ER, to promote similar, competing services performed in the State of Florida.

94.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among patients and consumers, emergency services and other health care providers, as to whether Defendant's services originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

95.     Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of the OVIEDO ER Mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

96. Defendant's acts constitute trademark infringement in violation of the common law of the State of Florida.

97. Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

98. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

99. Defendant's acts have damaged and will continue to damage and irreparably harm Plaintiff, and Plaintiff has no adequate remedy at law.

100. Plaintiff is entitled to a temporary and permanent injunction against Defendant, as well as all other remedies available including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**COUNT IV**
**Common Law Unfair Competition**

101. Plaintiff repeats and realleges paragraphs 1 through 100 of this Complaint as if set forth herein.

102. Plaintiff has adopted and used its OVIEDO ER mark in commerce and within the State of Florida since at least 2013 in marketing, advertising and performance of services to identify Plaintiff as the source of healthcare, medical, and emergency medical related services.

103. As a result of Plaintiff's substantially exclusive and continuous use of the OVIEDO ER mark for over the past five years, and based on Plaintiff's extensive use and promotion of its services using the OVIEDO mark in commerce and within the State of Florida since 2013, in the relevant trade area, consumers have come to associate the OVIEDO

ER mark with Plaintiff and the OVIEDO ER name and mark serves to distinguish Plaintiff from its competitors in the market.

104.    Defendant's unauthorized use of the exact term and phrase OVIEDO ER, including as part of ADVENTHEALTH OVIEDO ER, which is identical to, substantially indistinguishable from, or confusingly similar to the OVIEDO ER mark, in connection with similar, competing services to those of Plaintiff and within the same trade area as Plaintiff in Florida, is causing, or is likely to cause customer confusion as to the source or the origin or affiliation of Defendant's services.

105.    Defendant's unauthorized use of the term OVIEDO ER and the OVIEDO ER mark, including as part of ADVENTHEALTH OVIEDO ER, has and will allow Defendant to use, trade off and benefit from Plaintiff and the valuable goodwill that exists in and to the OVIEDO ER mark.

106.    The foregoing acts of Defendant constitute unfair competition in violation of the common law of the State of Florida.

107.    Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of the OVIEDO ER mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

108.    Upon information and belief, based on the allegations set forth herein, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

109.    Upon information and belief, Defendant intends to continue its acts of unfair competition, unless restrained by this Court.

110. Defendant's acts have damaged and will continue to damage and irreparably harm Plaintiff, and Plaintiff has no adequate remedy at law.

111. Plaintiff is entitled to a temporary and permanent injunction against Defendant, as well as all other remedies available including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**COUNT V**
**Violation of the Florida Deceptive and Unfair Trade Practice Act**
**(Fla Stat. § 501.201 *et seq*.).**

112. Plaintiff repeats and realleges paragraphs 1 through 111 of this Complaint as if set forth herein

113. The aforesaid actions of Defendant constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201.

114. Defendant's use of the exact term and phrase OVIEDO ER, including as part of ADVENTHEALTH OVIEDO ER, which is identical to, substantially indistinguishable from, or confusingly similar to Plaintiff's OVIEDO ER mark, in connection with similar, competing services to those of Plaintiff and within the same trade area as Plaintiff in Florida, is causing, or is likely to cause customer confusion as to the source or the origin or affiliation of Defendant's services.

115. Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of the OVIEDO ER mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

116. Upon information and belief, Defendant has willfully engaged in unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade. Defendant knew or should have known that its conduct was unfair or deceptive.

117. Defendant's acts have damaged and will continue to damage and irreparably harm Plaintiff, and Plaintiff has no adequate remedy at law.

**COUNT VI**
**Unjust Enrichment**

118. Plaintiff repeats and realleges paragraphs 1 through 117 of this Complaint as if set forth herein.

119. The acts complained of above constitute unjust enrichment of Defendant at Plaintiff's expense, in violation of the common law of the State of Florida.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Oviedo Medical Center, LLC, demands judgment against the Defendant, Adventist Health System/Sunbelt, Inc. d/b/a AdventHealth Oviedo ER, as follows:

A. That Judgment enter in favor of Plaintiff and against Defendant on Counts I through V of the Complaint;

B. That Defendant, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from:

(1) Using on or in connection with the use of, marketing, advertising, signage, decals, employee uniforms, social media (e.g. Facebook and Yelp), online platforms,

promotion, sales or distribution of any products or services, or use as or part of any domain name, or for any commercial purposes whatsoever, the OVIEDO ER mark or any variations thereof, including but not limited to the exact terms and phrase "OVIEDO ER", "ADVENTHEALTH OVIEDO ER", or any mark or name that wholly incorporates the terms "OVIEDO ER" whether used as a solitary designation or in connection with any other designation or design, or any of Plaintiff's trademarks or service marks, or any variations thereof or anything confusingly similar thereto;

(2)     Representing by any means whatsoever, directly or indirectly, orally or written, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the Defendant's services are those of Plaintiff or that there is any affiliation or connection between Plaintiff or its services and Defendant or its services, and from otherwise unfairly competing with Plaintiff; and

(3)     Causing to be advertised, published or disseminated by any means any false or misleading statements as to the existence of any relationship between Defendant and Plaintiff, or between any services of Defendant and any services of Plaintiff; and

C.     That Defendant be ordered to transfer the <workatoviedoer.com> domain name to Plaintiff;

D.     That Plaintiff recovers its damages sustained as a result of Defendant's trademark infringement, unfair competition and false designation of origin, trademark dilution, and unjust enrichment under federal, state and common law, together with an accounting of Defendant's profits arising from such activities, and that the Court exercise its

discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious nature of the acts of Defendant;

E.      That Defendant be required to recall from any and all channels of trade, any and all advertising or promotional materials using the OVIEDO ER mark and/or the term OVIEDO ER, ADVENTHEALTH OVIEDO ER, or anything confusingly similar thereto, in connection with its products or services, or any variations thereof or anything confusingly similar thereto, and to take affirmative steps to dispel any false suggestion of a connection to Plaintiff's OVIEDO ER branded facility by virtue of its activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

F.      That Plaintiff recover statutory damages under 15 U.S.C. § 1117(d);

G.      That Plaintiff recover treble damages under 15 U.S.C. § 1117(b);

H.      That Plaintiff recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

I.      That Plaintiff recover its costs and disbursements herein;

J.      That Plaintiff recover prejudgment and post-judgment interest;

K.      That Plaintiff be awarded a trial by Jury; and

L.      That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated this 30th day of August, 2019.

Respectfully submitted,

*/s/ Martin B. Goldberg*
Martin B. Goldberg
Emily L. Pincow
LASH & GOLDBERG, LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL 33131-2158
Phone: (305) 347-4040
Fax: (305) 347-4050
mgoldberg@lashgoldberg.com
epincow@lashgoldberg.com

and

Dennis D. Murrell (*to be admitted pro hac vice*)
Elisabeth S. Gray (*to be admitted pro hac vice*)
Brian McGraw (*to be admitted pro hac vice*)
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
Phone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
egray@middletonlaw.com
bmcgraw@middletonlaw.com

***Counsel for Plaintiff Oviedo Medical Medical Center, LLC***