UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC,

    Plaintiff,

v.    Case No: 6:19-cv-1711-Orl-78EJK

ADVENTIS HEALTH
SYSTEM/SUNBELT, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of a Preliminary Injunction (Doc. 23) and Defendant's Response in Opposition (Doc. 36). The Court held a hearing on the Motion on October 10, 2019. (*See* Doc. 39). For the reasons set forth herein, the Motion is denied.

**I.    BACKGROUND**

Plaintiff owns and operates a twenty-two bed emergency department ("Oviedo ER") in connection with the operation of its acute care hospital. (Doc. 1, ¶ 2). Plaintiff purchased Oviedo ER from Central Florida Regional Hospital, Inc. in 2017. (*See* Doc. 23-5 at 18–22). The facility originally opened as a freestanding emergency services facility in 2013. (*See* Doc. 1, ¶¶ 11–12). Oviedo ER has been used to designate the emergency services provided by Plaintiff and its predecessor since the facility opened in 2013, including fictitious name registrations with the State of Florida. (*Id.* ¶¶ 11, 16–17).

In the fall of 2018, Defendant sent invitations announcing a new freestanding emergency facility to be located less than one mile from Plaintiff's current facility. (*Id.*

¶¶ 43–44). The new facility is planned to be named AdventHealth Oviedo ER. (*See generally* Doc. 36). After viewing the announcement, Plaintiff sent three letters to Defendant asserting its rights to the mark Oviedo ER. (Doc. 1, ¶¶ 52–58). Defendant responded to the first letter on December 6, 2018, but did not respond to the subsequent letters. (*See* Doc. 23-5, ¶¶ 19–22). On or about May 30, 2019, Defendant erected a sign on the site of its new facility using the name AdventHealth Oviedo ER. (*Id.* ¶ 23). Defendant's facility, under the name AdventHealth Oviedo ER, is scheduled to open on October 17, 2019. (Doc. 36-11, ¶ 3). Plaintiff seeks a preliminary injunction preventing Defendant from using Oviedo ER in its name.

## II. LEGAL STANDARD

A district court may only grant injunctive relief if the moving party establishes: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." *Id.* (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## III. DISCUSSION

Having considered the parties' arguments and evidence, the Court agrees that there is a substantial likelihood of success on the merits in this case. There is evidence that Plaintiff purchased the goodwill and marks of the business from Central Florida

Regional Hospital, Inc. in 2017 because it purchased the entire business as a going matter. Since that time, Plaintiff has used and promoted the Oviedo ER mark. Moreover, there is significant evidence that the public actually associates the term "Oviedo ER" with Plaintiff's business and services. Finally, confusion is likely to occur based on the similarity of the marks used, the nearly identical services being rendered to the same customer base, and the parties' services being advertised in similar fashions. Nevertheless, Plaintiff has failed to establish irreparable harm, and therefore, no preliminary injunction will issue.[1] *See Seigel*, 234 F. 3d at 1176 (stating that "even if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

At the outset, the Court finds that Plaintiff unnecessarily delayed in seeking injunctive relief after learning of Defendant's intention to use a nearly identical name and mark for its new facility. "[A] party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm." *Wreal, LLC*

---

[1] Historically, plaintiffs that establish a likelihood of success on the merits of a trademark infringement claim have enjoyed a presumption of irreparable harm in this Circuit. However, that presumption has been called into question by the Supreme Court's decisions in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (concluding that the party seeking injunctive relief must satisfy each prong of the four-factor test before court may grant an injunction), and *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (requiring a plaintiff seeking a preliminary injunction to demonstrate that irreparable harm is "likely" in the absence of an injunction); *see also N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522, F.3d 1211, 1227–28 (11th Cir. 2008) (questioning whether courts may presume irreparable harm in trademark infringement cases but declining to address "whether such a presumption is the equivalent of the categorical rules rejected by the Court in *eBay*"). Nevertheless, to the extent Plaintiff may be entitled to the presumption, the evidence of unreasonable delay is sufficient to overcome any such presumption.

*v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (citations omitted). "A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm." *Id.*; *see also Tiber Labs., LLC v. Hawthorn Pharm., Inc.*, 527 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007) ("Where the movant 'unduly delayed in bringing suit,' however, 'thereby negating the idea of irreparability,' a preliminary injunction should not issue." (quoting *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996)). "As such, it is not uncommon for courts to deny a preliminary injunction in the face of unexplained delays of more than two months." *InVue Sec. Prods. Inc. v. Vanguard Prods. Grp., Inc.*, No. 8:18-cv-2548-T-33SPF, 2019 WL 4671143, at *6 (M.D. Fla. July 1, 2019), *report and recommendation adopted*, 2019 WL 4673755 (M.D. Fla. Aug. 15, 2019).

"[T]wo time periods are relevant in determining whether a plaintiff acts promptly in seeking judicial relief: (1) a plaintiff cannot delay in filing a complaint after discovering a potential infringer, and (2) a plaintiff must move quickly in filing a motion for a preliminary injunction once a complaint has been filed." *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-Civ-TORRES, 2017 WL 4919222, at *5 (S.D. Fla. Oct. 31, 2017). "If *either* is unreasonably delayed, a finding of irreparable harm is significantly weakened." *Id.* Plaintiff's delay falls into the former category.

There is undisputed evidence that Plaintiff first learned of Defendant's intention to use Oviedo ER in it name by at least November 1, 2018. (*See, e.g.*, Doc. 23-1, ¶ 32; Doc. 23-5, ¶¶ 13–14). Thereafter, Plaintiff sent a cease and desist letter to which Defendant responded on December 6, 2018. In its response, Defendant stated that it would use the name AdventHealth Oviedo ER and that it "consider[ed] this matter closed." (Doc. 23-5

at 48–49). Accordingly, by at least December 6, 2018, Plaintiff knew that Defendant intended to move forward with its planned naming scheme but failed to seek relief for nearly nine months. *Cf. Badillo v. Playboy Entm't Grp., Inc.*, No. 8:04-CV-591-T-30TBM, 2004 WL 1013372, at *2 (M.D. Fla. Apr. 16, 2004) (holding that the plaintiff should have "filed their action after it became clear that Defendants would not cease and desist from further [infringement]").

Even assuming that it was reasonable for Plaintiff to send two more cease and desist letters in January and April 2019, and to delay seeking an injunction while it awaited a response, Plaintiff has not presented any explanation for the additional four-month delay in seeking a preliminary injunction after the final letter was sent. *See Seiko Kabushiki Kaisha v. Swiss Watch Int'l, Inc.*, 188 F. Supp. 2d 1350, 1356 (S.D. Fla. 2002) ("Even giving Plaintiff credit for attempting to reach a settlement without litigation, there remains a three-month delay between Plaintiff's last communication with Defendants and commencement of this suit."). Additionally, Plaintiff was definitively on notice of Defendant's position by, at the absolute latest, May 30, 2019, when it learned that Defendant was advertising under the name AdventHealth Oviedo ER. Yet, armed with Defendant's December 6, 2018 letter and clear evidence of Defendant's intent, Plaintiff still waited over three months to seek any relief. This delay in seeking relief—ranging from three to nearly nine months—weighs heavily against any finding of irreparable harm.

Moreover, Plaintiff relies on speculative and unproven risks of reputational harm to establish irreparable harm. "A preliminary injunction may not be entered 'based only on a possibility of irreparable harm.'" *Hoop Culture, Inc. v. GAP Inc.*, 648 F. App'x 981, 985 (11th Cir. 2016) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21–22

5

(2008)). "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Nivel Parts & Mfg. Co. v. Textron, Inc.*, No. 3:17-cv-146-J-32JRK, 2017 WL 1552034, at *1 (M.D. Fla. May 1, 2017).

Plaintiff's only alleged basis for irreparable harm is the possibility that a patient may have a bad experience at Defendant's facility and improperly attribute it to Plaintiff's facility, thus causing a decline in Plaintiff's reputation and goodwill. While a strong showing of consumer confusion can support a finding of irreparable harm, under the circumstances in this case, the connection between confusion and harm is simply too attenuated to support a strong finding of irreparable harm. Here, confusion would have to persist—unbroken—through travel to the physical location, admission, treatment, payment, and discharge from the facility. There is no evidence in the record, aside from the conclusory statements in the affidavit of Plaintiff's former administrator, to support consumer confusion once the consumer has been admitted to the facility. In other words, Plaintiff would have needed to make a showing of a likelihood of persistent and unbroken consumer confusion that is simply not supported by this record. Based on the delay in seeking relief and lack of evidence to support Plaintiff's alleged harm, Plaintiff has not met the high burden of establishing irreparable harm, and the Motion is due to be denied.[2]

---

[2] Because Plaintiff has not shown that irreparable injury is likely to occur absent the issuance of a preliminary injunction, this Court need not address the remaining factors. *See Snook v. Tr. Co. of Georgia Bank of Savannah*, 909 F.2d 480, 487 (11th Cir. 1990) ("Having determined that the district court acted within its discretion in finding no irreparable injury, we need not address the balance of harm between the plaintiffs and the trustees or whether the public interest would be disserved by a grant of injunctive relief." (citing *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990))); *Help at Home, Inc. v. CAM Enters., LLC*, No. 14-80255-CIV, 2014 WL 12300316, at *1 (S.D. Fla. Aug. 8, 2014), *report and recommendation adopted*, 2014 WL 12279516 (S.D. Fla. Sept. 17, 2014) ("In determining

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Entry of a Preliminary Injunction (Doc. 23) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 15, 2019.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

whether a preliminary injunction is appropriate, if a court determines that a plaintiff has failed to demonstrate any one of the four factors, it need not address the other three.").