**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

OVIEDO MEDICAL CENTER, LLC,

        Plaintiff,

v.                                        Case No:  6:19-cv-1711-Orl-78EJK

ADVENTIS HEALTH
SYSTEM/SUNBELT, INC.,

        Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court upon *sua sponte* review of Plaintiff's Complaint (Doc. 1). Plaintiff's Complaint brings six counts against Defendant, alleging various violations of federal and common law trademark laws, unfair competition, a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla Stat. § 501.201 *et seq.*, and unjust enrichment. For the reasons set forth below, the Complaint will be dismissed as a shotgun pleading.[1]

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x

---

[1] Because the Complaint will be dismissed, Defendant's Motion to Dismiss (Doc. 41) will be denied as moot.

368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). This is precisely the sin committed in the Complaint. The first paragraph in each count reincorporates all of the factual allegations of the Complaint and the allegations of each proceeding cause of action. (Doc. 1 ¶¶ 76, 88, 101, 112, 118). Therefore, the Complaint is dismissed as a shotgun pleading.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading. On or before November 12, 2019, Plaintiff may file an amended complaint. Failure to file an adequate pleading may result in the case being dismissed with prejudice.

2. Defendant's Motion to Dismiss (Doc. 41) is **DENIED as moot**.

**DONE AND ORDERED** in Orlando, Florida on October 29, 2019.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record