UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| OVIEDO MEDICAL CENTER, LLC | ) | |
| | ) | Case No.: 6:19-cv-01711-WWB-EJK |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADVENTIST HEALTH SYSTEM/SUNBELT, | ) | |
| INC. d/b/a ADVENTHEALTH OVIEDO ER | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## PLAINTIFF'S AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff Oviedo Medical Center, LLC ("Plaintiff" or "Oviedo Medical Center"), by and through counsel of record, hereby files this Amended Complaint for Injunctive Relief ("Amended Complaint") against Defendant AdventHealth f/k/a Adventist Health System ("Defendant" or "AdventHealth") as follows:

## INTRODUCTION

1.      This is an action for trademark infringement and unfair competition (false designation of origin) under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); and cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); common law trademark infringement; common law unfair competition and unjust enrichment under Florida law (the "Action").  Plaintiff is seeking monetary damages, attorneys' fees, and preliminary and permanent injunctive relief preventing continuing acts of infringement, cybersquatting and unfair competition on the part of Defendant.

**THE PARTIES**

2.     Plaintiff Oviedo Medical Center is a 64-bed acute care hospital bringing a full range of healthcare services to east Seminole County and surrounding communities.  Plaintiff also operates a 22 bed Emergency Department ("Oviedo ER") which is the subject of this Action.  Plaintiff is a Florida Limited Liability Company with an address of One Park Plaza, Nashville, Tennessee 37203.  Plaintiff owns all federally registered and common law and rights in and to the OVIEDO ER® name and mark.

3.     On information and belief, Defendant, AdventHealth is a Florida corporation with an address of 900 Hope Way, Altamonte Springs, Florida 32714.  The registered agent for service of process is Jeff Bromme, 900 Hope Way, Altamonte Springs, Florida 32714.

**JURISDICTION AND VENUE**

4.     This action is brought in part under the Federal Lanham Act, 15 U.S.C. §1051 *et seq.*, and this Court has original jurisdiction over the Lanham Act pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §1338(a).

5.     This Court has original jurisdiction over the claim of unfair competition alleged herein also pursuant to 28 U.S.C. §1338(b).

6.     Jurisdiction over the claims other than those based on the Lanham Act is also proper under 28 U.S.C. §1367, because those claims are so related to the claims brought under the Lanham Act that they form a part of the same case or controversy.  Service of Defendant is proper pursuant to Fed. R. Civ. P. 4(h)(1).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 1400(a). The trademarks or designations which are the subject of this litigation were and are publicly displayed in the Middle District of Florida; the claims alleged in this action arose in the Middle District of Florida; and Defendant is doing business and may be found in this Division of the Middle District of Florida.

## PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff transacts substantial business within the Middle District of Florida and has facilities located in the Middle District of Florida.

9.      The acts of trademark infringement, cybersquatting, unfair competition, and other wrongful acts by Defendant alleged in this Amended Complaint arose in substantial part within the Middle District of Florida.

10.     On information and belief, Defendant has derived, and unless enjoined will continue to derive, substantial direct financial benefits from the unlawful activities alleged in this Amended Complaint in this District.

## FACTUAL BACKGROUND

**Plaintiff and its OVIEDO ER® Mark**

11.      Plaintiff, either on its own or via a predecessor entity, has been providing emergency room services, including pediatric emergency care, diagnostic imaging, and cardiac life support, under the trade name/service mark OVIEDO ER® since it opened a free-standing emergency care facility in Oviedo, Florida on or about November 25, 2013.

12.     Plaintiff is the owner of U.S. Reg. 5,884,168 for the mark OVIEDO ER® for use in connection with "healthcare; medical services, emergency medical services" in

3

International Class 44 ("the '168 Registration"). The application to register the '168 Registration was filed with the United States Patent & Trademark Office ("USPTO") on April 1, 2019, and registration issued on October 15, 2019. *See* certificate of registration, attached hereto as **Exhibit 1**.

13.     Plaintiff is the owner of U.S. Reg. 5,884,339 for the mark OVIEDO ER & DESIGN® for use in connection with "healthcare; medical services, emergency medical services" in International Class 44 ("the '339 Registration"). The application to register the '339 Registration was filed with the USPTO on April 3, 2019, and registration issued on October 15, 2019. *See* certificate of registration, attached hereto as **Exhibit 2**.

14.     Under 15 U.S.C. § 1115, federal registration shall be prime facie evidence of the validity of the registered mark and of the registration of the mark, the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration.

15.     Plaintiff's OVIEDO ER® branded facility was the first free-standing emergency care facility of its kind in the Oviedo, Florida area when it opened in 2013.

16.     Even prior to the opening of its facility, Plaintiff, through a predecessor entity, engaged in promotional and branding work in connection with the OVIEDO ER® name and mark.

17.     For instance, Plaintiff, through a predecessor entity, obtained the Domain Name <oviedoer.com> on November 30, 2012. *See* WHOIS Database Printout, <u>DN 1-03</u>. *See also* Affidavit of Cathleen Droke, <u>DN 23-1</u>, ("Droke Aff."), ¶ 8. Since November 2012, Plaintiff or its predecessor has continuously operated the www.oviedoer.com website. *Id.*

18.     A screenshot of Plaintiff's website, as it appeared as of the filing of the initial complaint in this action, prominently features the OVIEDO ER® Mark as illustrated below:



*See* website screen shot, <u>DN 1-04</u>.  (emphasis added).

19.     These efforts also included the registration of the Fictitious Name of "OVIEDO ER" with the State of Florida Division of Corporations on September 19, 2013 by Plaintiff's predecessor.  Plaintiff subsequently filed its second Fictitious Name registration with the State of Florida Division of Corporations in the name of Plaintiff on February 22, 2017. This second Fictitious Name registration is valid and subsisting until December 31, 2022.  *See* copies of the Fictitious Name registrations recorded September 19, 2013 and February 22, 2017, <u>DN 1-05</u>.

20.     Plaintiff's predecessor opened its facility under the OVIEDO ER® name and mark on November 25, 2013.  Since that time, Plaintiff, either on its own or via its predecessor in interest, has continuously used the OVIEDO ER® name and mark, in commerce and within the State of Florida, to promote its healthcare, medical, and emergency medical related

services.  The OVIEDO ER® name and mark has become synonymous with Plaintiff and is well-known in the Plaintiff's trade area.  *See e.g.,* Affidavit of Janet H. Livingston, <u>DN 23-3</u> ("Livingston Aff."), ¶¶ 13, 16-17; and *see* Affidavit of Chief Lars White, <u>DN 23-4</u> ("White Aff."), ¶¶ 18-19.

21.     When Plaintiff acquired the OVIEDO ER® branded facility in 2017, it acquired the rights in the OVIEDO ER® name and mark from its predecessor.

22.     Specifically, on January 30, 2017, Central Florida Regional Hospital conveyed the OVIEDO ER facility and assets, which included the intellectual property rights in and to OVIEDO ER® name and mark, to Plaintiff.  *See* Quitclaim Deed, Nunc Pro Tunc, and Bill of Sale, attached as Exhibits 2-4 to the Affidavit of KC Donahey, <u>DN 23-5</u> ("Donahey Aff."). Since the January 30, 2017 acquisition, Oviedo Medical Center has continued to use the OVIEDO ER® name and mark to identify and distinguish its facility from others in the market.

23.     Plaintiff prominently uses its OVIEDO ER® name and mark in its facility signage and in other promotional materials and has done so since the opening of the facility in 2013.  The following images show how the OVIEDO ER® name and mark is displayed on the signage of the facility as of this filing and is representative of how the mark has appeared in signage since the facility opened:





*See* photos of Plaintiff's OVIEDO ER® branded facility, <u>DN 1-06</u>.

24.     Since the opening of Plaintiff's Oviedo ER®, consumers and the media have recognized the name "OVIEDO ER" and the OVIEDO ER® mark as signifying the Plaintiff and its emergency care facility.  *See* Livingston Aff., DN 23-3, ¶¶ 13, 16-17; White Aff., DN 23-4, ¶¶ 18-19; Droke Aff., DN 23-1, ¶¶ 10-30 and Exhs. 3-22 to the Droke Aff (DN 23-1); and see Declaration of Tonya Lyles, DN 1-08 ("Lyles Decl."), ¶¶ 4-5.

25.     For example, even the Wikipedia page for the city of Oviedo, Florida has referred to Plaintiff's OVIEDO ER® mark and name and associated that name with Plaintiff. The specific reference appears as follows:

**New developments**  [ edit ]

In 2015, the city of Oviedo dedicated a brand new downtown development just south of the current "old downtown" along Oviedo Boulevard. The new town center, named "Oviedo on the Park", is a mixed use development with townhouses, apartment homes, restaurants, and retail. It is centered around the new Center Lake Park with a man-made lake, large amphitheater, playground and Veterans Tribute.

A 64-bed hospital called the Oviedo Medical Center opened in January, 2017. A new Emergency Room (ER) hospital, called Oviedo ER, was completed in 2014. Oviedo ER is a department of Central Florida Regional Hospital.[22] The Oviedo ER is located on the corner of Red Bug Lake Road and West Broadway.

*See* Wikipedia page reference, DN 1-08 (emphasis added).

26.     Further, Foursquare, a social networking service which provides the public City Guides, identifies Plaintiff's facility located on 8300 Red Bug Lake Road, Oviedo, Florida 32765 as "OVIEDO ER."  *See* printout of Foursquare.com, DN 1-09.

27.     Because of its commitment to bring a full-service hospital to the Oviedo community, Plaintiff subsequently began working towards opening a full service hospital contiguous to the existing emergency care facility which would continue to incorporate the OVIEDO ER® name and mark.

28.     Indeed, Plaintiff's efforts eventually led to the opening of the Oviedo Medical

Center in January 2017, which is a full service hospital.  Even after the opening of Oviedo Medical Center, the majority of the patients treated at Oviedo Medical Center are referrals from the OVIEDO ER® branded facility connected to the Oviedo Medical Center.

29.    Moreover, after Oviedo Medical Center opened, Plaintiff continued using the service mark OVIEDO ER® and the community continues to identify the facility by that name.

30.    Since it opened in 2013, Plaintiff's OVIEDO ER® facility has served over 135,000 patients and created hundreds of jobs for the community.

31.    Since the OVIEDO ER® branded facility was opened in 2013, Plaintiff (and its predecessor) has received significant media publicity which has helped to further establish the public's connection between the OVIEDO ER® name and mark and Plaintiff.

32.    Since it opened in 2013, Plaintiff has spent significant amounts, in excess of $1 million dollars in advertising and promotional costs related to the promotion of the OVIEDO ER® branded facility.

33.    By way of example, these advertising and promotional efforts include mass mailings to households in the relevant market promoting services provided by the OVIEDO ER® branded facility, such as one titled "STOMACH PAIN?" to highlight the OVIEDO ER® branded facility's services relating to severe abdominal pain.  *See* Plaintiff's mailer titled "STOMACH PAIN?", DN 1-11 ("STOMACH PAIN? Mailer").

34.    In the STOMACH PAIN? Mailer, Plaintiff stated

The Oviedo ER™ at Oviedo Medical Center has the staff, equipment and expertise to handle the most critical medical emergencies. And with average ER wait times that are consistently shorter than the national average, we can get you in and get you treated promptly and efficiently.

*Id.* (emphasis added).

35.    The STOMACH PAIN? Mailer further refers the public to the OVIEDO ER®
branded facility's website, www.oviedoer.com.  *Id.*

36.    A second mass mailing to the same geographic area titled "BAD BREAK?"
further highlights the OVIEDO ER® branded facility's ability to treat bone breaks.  *See*
Plaintiff's mailer titled "BAD BREAK?", DN 1-12 ("BAD BREAK? Mailer").

37.    The BAD BREAK? Mailer also references the OVIEDO ER® mark as follows:

> Accidents happen fast. Emergency care should, too. The Oviedo ER℠
> at Oviedo Medical Center has the staff, equipment and expertise to
> handle the most critical medical emergencies. And with average ER
> wait times that are consistently shorter than the national average, we
> can get you in and get you treated promptly and efficiently.

*Id.* (emphasis added).

38.    Another example of the advertising and promotional costs related to the
promotion of the OVIEDO ER® branded facility is a current advertisement posted on the
Oviedo Chamber of Commerce website as follows:





*See* Chamber of Commerce Advertisement, <u>DN 1-13</u>.

39.     As a result of Plaintiff's continuous and substantially exclusive use of the OVIEDO ER® mark over the past five (5) plus years, and by virtue of extensive and significant press and advertising of the OVIEDO ER mark by Plaintiff and other third parties, the OVIEDO ER® mark is well-known to the public in Plaintiff's trade area as signifying the facility owned by Plaintiff as well as the services provided by Plaintiff at that facility. Consumers have come to understand that the name OVIEDO ER® identifies Plaintiff and the emergency care facility operated by Plaintiff and further serves to distinguish Plaintiff between its competitors in the market.  The OVIEDO ER® mark has thereby acquired substantial goodwill and value to Plaintiff.

40.     Because of its substantially exclusive and continuous use of the OVIEDO ER®

name and mark in commerce for over five years, and by virtue of the Plaintiff's extensive use and promotion of the OVIEDO ER® name and mark resulting in the direct association of the mark with Plaintiff as the source of its services, the OVIEDO ER® name and mark has acquired distinctiveness under §2(f) of the Lanham Act, 15 U.S.C. §1052(f).

41.     Moreover, as stated above, under 15 U.S.C. ¶ 1115, Plaintiff's federal registrations serve as prime facie evidence of the validity of the OVIEDO ER® name and mark, the Plaintiff's ownership of the mark, and the Plaintiff's exclusive right to use the OVIEDO ER® name and mark in commerce on or in connection with the goods or services specified in the registrations.

42.     Patients often refer to Plaintiff's facility as "OVIEDO ER®".  By way of example, on July 15, 2019, a patient's family member sent an email to Plaintiff summarizing their recent positive experience with the OVIEDO ER® branded facility and stated:

> [a] quick note to recognize and share with you the excellent level of care the ___ _      family experienced, at the Oviedo ER the Sat. over the July 4th Holiday Weekend!

*See* redacted "ER Kudos", redacted to protect Personal Health Information, <u>DN 1-14</u>.

**<u>Defendant and its Infringing Use of the OVIEDO ER® Mark</u>**

43.     Upon information and belief, Defendant is a faith-based health care system sponsored by Seventh-day Adventist Church, headquartered in Altamonte Springs, Florida and operates facilities within nine states in the United States, including throughout Florida.

44.     Defendant has 45 hospital campuses, more than 8200 licensed beds in nine states, and serves more than five million patients annually.

45.     Defendant formerly operated as Florida Hospital and before its name change to "AdventHealth" in early 2019, Florida Hospital was a Central Florida-based health care chain with nearly 50 hospital campuses.

46.     On or about August 2018, Florida Hospital and its parent company, Adventist Health System, announced all facilities would change their name to "AdventHealth." On information and belief, the name change to "AdventHealth" was effective January 2, 2019.

47.     Soon thereafter, in the fall of 2018, Defendant sent out invitations announcing the groundbreaking of a new planned facility on November 1, 2018 under the name "FLORIDA HOSPITAL OVIEDO ER."  A copy of this invitation appears below. *See* <u>DN 1-15</u>.





48.     On or about November 1, 2018, the announced groundbreaking took place on property located only about a mile from Plaintiff's OVIEDO ER® branded facility, also on Red Bug Lake Road.

49.     Defendant's proposed "OVIEDO ER" facility was advertised to be a freestanding emergency care facility that would operate in direct competition to Plaintiff in the exact same trade area and market and, in fact, on the very same street.

50.     As early as November 5, 2018, the media had reported the groundbreaking and reference was made to Defendant's facility as a new "OVIEDO ER" and even referenced Plaintiff's OVIEDO ER branded facility in the same article. *See* Orlando Business Journal Article dated November 5, 2018, DN 1-16.

51.     Further, since it announced the potential opening of its own "OVIEDO ER" facility, Defendant has continually referred to its facility to include the term "OVIEDO ER" in marketing and promotional material.

52.     For instance, Defendant has prominently referred to the new facility using only the exact term "OVIEDO ER."  *See* Website printouts prior to filing the original Complaint, DN 1-17 and DN 1-18.

53.     Defendant also uses and references the name "OVIEDO ER" in connection with the search result advertisements generated through search engines such as Google.  For example, a search of the exact term "OVIEDO ER" resulted in an advertisement for Defendant's facility as the second listed result.  Within the advertisement, Defendant used the name "Oviedo ER" in the title of its ad, as well as within the ad text.

54.     This use appeared as follows:



ER Wait Times · Contact Us · About | Oviedo Medical Center · Pay Bill Online
You visited this page on 6/26/19.

**Oviedo ER** · AdventHealth Careers
https://www.adventhealthcareersgreaterorlando.com/hospitals/oviedo-er/ ▾
AdventHealth **Oviedo ER** will be a brand-new, freestanding facility dedicated to 24/7 care. It is our goal
to provide closer access to hospital-based ER services ...

Florida Hospital breaks ground on ER in Oviedo - Orlando Sentinel
https://www.orlandosentinel.com/.../os-ne-oviedo-er-florida-hospital-20181101-story.... ▾

*See* full copy of the first page of the Google search results taken July 16, 2019, <u>DN 1-19</u>

(emphasis added).  A later appearing search result advertisement posted by Defendant showed

Defendant touting itself as "building Oviedo ER®". This advertisement appeared as follows:

Feedback

AdventHealth **Oviedo ER** | AdventHealth
https://www.adventhealth.com/hospital-and-emergency.../adventhealth-oviedo-er ▾
We're building **Oviedo ER** as part of the AdventHealth network of care. That means if you or your loved
one need care beyond the emergency room, we offer ...

*See id.* (emphasis added).

     55.     Defendant's prominent use of the term "OVIEDO ER" further heightens the

likelihood that consumers will be confused and/or believe that the two "Oviedo ER's" are

affiliated or somehow related – even if Defendant were to use the term "AdventHealth"

preceding the exact OVIEDO ER® name and mark.

     56.     If Defendant is permitted to use the exact term "OVIEDO ER" in its name and

in the marketing for its competing healthcare facility, there will be significant consumer

confusion as to the source or affiliation of the parties' respective services.

**Plaintiff Notifies Defendant of its Infringing Activity**

57.     After learning of Defendant's actions and greatly concerned about the possibility of confusion, Plaintiff contacted Defendant by counsel through a letter dated November 16, 2018. *See* November 16, 2018 letter, <u>DN 1-21</u>.

58.      In this letter, counsel for Plaintiff informed Defendant that Plaintiff had been using the OVIEDO ER® name and mark to brand its freestanding emergency care facility since 2013.

59.     Counsel for Plaintiff further stated that Defendant's use of the OVIEDO ER® name and mark in any context will "likely cause significant confusion, , which is heightened by the fact that the new facility will be situated less than one mile from Plaintiff's Oviedo ER®. Since time is of the essence in emergency care situations, any resulting confusion could be detrimental to patient care, which we are confident that you would likewise want to avoid."

60.     Since Defendant had no permission from Plaintiff to use the OVIEDO ER® mark, or anything confusingly similar, Plaintiff demanded that Defendant cease and desist from any further use of the term and suggested the parties work together to resolve the matter in a constructive, amicable manner.

61.     On December 6, 2018, counsel for Defendant responded and represented that Defendant would rebrand to the name "ADVENTHEALTH OVIEDO ER" and always use that name when referencing its emergency room facility. *See* letter dated December 6, 2018, <u>DN 1-22</u>.

62.     On January 2, 2019, counsel for Plaintiff replied and stated that Plaintiff has been "the only entity using OVIEDO ER as a trade name and service mark in the vicinity at

issue since 2013" and is the only party to establish secondary meaning pursuant to Section 2(f) of the Trademark Act. *See* letter dated January 2, 2019, <u>DN 1-23</u>. Plaintiff's counsel further articulated Plaintiff's objection to Defendant's use of the rebranded name "ADVENTHEALTH OVIEDO ER" or any other name that wholly incorporates the OVIEDO ER® name and mark in any fashion.

63.     Having received no response, Plaintiff's sent a follow up letter on April 17, 2019, reiterating its objection to Defendant's planned use of the name "ADVENTHEALTH OVIEDO ER". *See* letter dated April 17, 2019, <u>DN 1-24</u>. Defendant ignored this demand.

**Defendant's Continued Defiance of Plaintiff's Trademark Rights**

64.     In further violation of Plaintiff's rights, on or about May 30, 2019, and after receiving repeated notice of Plaintiff's objections, Defendant erected a billboard on the property of its future free-standing emergency room, which appears as follows:



*See* Photo taken May 30, 2019, <u>DN 1-25</u>.

    65.    Upon information and belief, Defendant's own employees and executives refer to itself as OVIEDO ER®.  For example, at the Oviedo Winter Springs Regional Chamber of Commerce Healthcare Update luncheon on June 6, 2019, Defendant's CEO, Jennifer Wandersleben, referred to her company as being "OVIEDO ER" (not "AdventHealth Oviedo ER") to those in attendance at the luncheon.

    66.    On June 13, 2019, the Orlando Business Journal published an article about Defendant's new facility that featured a picture of Plaintiff's OVIEDO ER® branded facility – which could perpetuate confusion between the two companies. The headline and photograph appeared as follows:



*See* June 13, 2019 article, <u>DN 1-26</u>.

67.     Moreover, there is a strong likelihood that patients and their families will be confused as to which facility to locate, especially because Plaintiff and Defendant's facilities are both located on the same road (Red Bug Lake Road) only one (1) mile apart.

68.     Further, there is a chance that in an emergency situation, a patient could be transported to the wrong facility.

69.     Despite having full knowledge of Plaintiff's claimed rights to the OVIEDO ER® name and mark and Plaintiff's objections to the Defendant's use of the exact phrase "OVIEDO ER" in any fashion, on or about June 24, 2019, Defendant registered the domain name <workatoviedoer.com> through GoDaddy.com.  Although that domain name was registered using GoDaddy.com's proxy service – which conceals the identity of the actual registrant of the domain name - as of the filing of the initial complaint in this action, the domain name <workatoviedoer.com> redirected to Defendant's website for its "AdventHealth Oviedo ER" facility that will be competing directly with Plaintiff's OVIEDO ER® branded facility. *See* copy of the WHOIS results for the <workatoviedoer.com> domain name, DN 1-27; and *see* screenshot of the redirected website as it appeared on August 28, 2019, DN 1-28.  As of the filing of this Amended Complaint, Defendant no longer re-directs the workatoviedoer.com domain name to its main company website and, instead, the domain resolves to a site that "can't be reached."

70.     After the federal trademark registrations issued for the OVIEDO ER® mark, counsel for Plaintiff sent counsel for Defendant a letter reiterating Plaintiff's demand that Defendant discontinue and refrain from any future use of "Oviedo ER" including, but not limited to, "Adventhealth Oviedo ER."  *See* letter dated October 16, 2019 from Julie Ray to

Mayanne Downs, attached hereto as **Exhibit 3**.  In the letter, Plaintiff put Defendant on further notice that it would hold Defendant responsible for any and all damages incurred from Defendant's unlawful use of any portion of the Oviedo ER® mark.

71.     Defendant opened up its facility on October 17, 2019.

72.     Defendant continues to advertise its services using the term "Oviedo ER".  *See e.g.*, recent advertisements from Defendant, attached as **Exhibit 4**.

73.     Based on the foregoing, Defendant's use of Plaintiff's OVIEDO ER® name and mark is likely to cause confusion as to the source of the goods and services associated with the mark, and/or is likely to suggest sponsorship of the services and/or affiliation between Plaintiff and Defendant.

74.     Further, Defendant's act of opening its facility and continuing to advertise using the infringing mark erven after receipt of the above referenced letters and even after this Court's ruling on Plaintiff's motion for preliminary injunction dated October 15, 2019, wherein the Court held that Plaintiff had a "substantial likelihood of success on the merits of this case" (including on the issue of likelihood of confusion), demonstrates Defendant's callous and reckless disregard for Plaintiff's rights and shows Defendant's continued bad faith in connection with its use of the OVIEDO ER® name and mark.

**COUNT I**
**Registered Trademark Infringement**
**(15 U.S.C. § 1114)**

75.     As set forth more fully in ¶¶ 12-14; 21-22 above, Plaintiff's Marks are valid, federally registered marks owned by Plaintiff.

76.      As set forth more fully in ¶¶ 47-49; 51-54 above, Defendant has used and is

continuing to use the name "OVIEDO ER", including as part of the full name ADVENTHEALTH OVIEDO ER, which is confusingly similar to Plaintiff's registered marks in connection with the distribution, marketing, performance and/or sale of Defendant's competing services.

77.    Defendant's use of the term "Oviedo ER", including but not limited to the use of the name "AdventHealth Oviedo ER", has caused and is likely to cause consumers to believe, mistakenly and erroneously, that Defendant's emergency room facility is affiliated with, related to, sponsored by, derived and/or sourced from Plaintiff, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

78.    Moreover, patients and their families are likely to be confused as to which facility to locate, especially because Plaintiff and Defendant's facilities are both located on the same road (Red Bug Lake Road) only one (1) mile apart.

79.    Further, in an emergency situation, a patient could be transported to the wrong facility.

80.    As set forth more fully in ¶¶ 57-63 above, Defendant is using the name OVIEDO ER, including as part of ADVENTHEALTH OVIEDO ER, without Plaintiff's permission and with both actual and constructive knowledge of the federal registration of the OVIEDO ER® Marks.

81.    As set forth more fully in ¶¶ 70-74 above, Defendant has continued to violate Plaintiff's registered and common law trademarks even after being put on notice of its infringing activity.  Such ongoing violations of Section 32 of the Lanham Act are committed willfully, intentionally, knowingly and in bad faith.

82.    As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damage, including irreparable damage, to its business, goodwill, quality reputation and profits.   Defendant's aforementioned actions have caused and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from violations of Plaintiff's rights.  Plaintiff has no adequate remedy at law and therefore seeks injunctive relief from this Court under 15 U.S.C. § 1116 and such monetary relief to which it is entitled pursuant to 15 U.S.C. § 1117, including disgorgement of profits, treble actual damages, reasonable attorneys' fees and costs.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

83.    As set forth more fully in ¶¶ 11, 15-23 above, Plaintiff has adopted and used its OVIEDO ER® name and mark, in commerce, since at least November 25, 2013 in marketing, advertising and performance of services to identify Plaintiff as the source of healthcare, medical, and emergency medical related services.

84.    As set forth more fully in ¶¶ 20, 24-26, 29-42 above, as a result of Plaintiff's substantially exclusive and continuous use of the OVIEDO ER® mark, in commerce, for over the past five (5) years, and based on Plaintiff's extensive use and promotion of its services using the OVIEDO ER® name and mark since 2013, consumers have come to associate the OVIEDO ER® mark with Plaintiff and the OVIEDO ER® mark serves to distinguish Plaintiff from its competitors in the market.  This has resulted in Plaintiff's OVIEDO ER® mark acquiring distinctiveness and/or secondary meaning.

85.     As set forth more fully in ¶¶ 11, 15-23 above, Plaintiff owns all rights, title, and interest in and to the OVIEDO ER® name and mark.

86.     Defendant's use of the OVIEDO ER® name and mark and/or the exact term and phrase "OVIEDO ER", including as part of the ADVENTHEALTH OVIEDO ER name, in connection with the distribution, marketing, performance and/or sale of Defendant's competing services, constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of Defendant's services, or other commercial activities provided by Plaintiff.

87.     Defendant does not have permission from Plaintiff to use the OVIEDO ER® name and mark.

88.     Defendant's use of the OVIEDO ER® name and mark and/or the exact term and phrase "OVIDEO ER", including as part of the name ADVENTHEALTH OVIEDO ER, in connection with the distribution, marketing, performance and/or sale of Defendant's services constitutes false designation of origin, false and misleading description and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

89.     Defendant is creating a false designation of origin and is deceiving and confusing customers, their families, and emergency services through the violation of the rights of Plaintiff as set forth herein.

90.     Moreover, patients and their families are likely to be confused as to which facility to locate, especially because Plaintiff and Defendant's facilities are both located on the same road (Red Bug Lake Road) only one (1) mile apart.

91.     Further, in an emergency situation, a patient could be transported to the wrong facility.

92.     The aforesaid acts of Defendant were and are knowing, deliberate, willful, and/or intended to cause mistake or to deceive, and in reckless disregard of Plaintiff's rights.

93.     Defendant's continued unauthorized use of the OVIEDO ER® name and mark and/or the exact term and phrase "OVIEDO ER", including as part of the name ADVENTHEALTH OVIEDO ER, in advertising, in interstate commerce, and to render a competing service, infringes upon Plaintiff's goodwill, reputation, and trademark rights; creates a likelihood of injury to Plaintiff's business reputation; causes a likelihood of confusion as to the affiliation, connection, or association of Defendant's business with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant's services, or commercial activities by Plaintiff; and otherwise unfairly competes with Plaintiff.  If such actions are continued, they will cause irreparable and substantial damage to Plaintiff and will result in Defendant being unjustly enriched and unlawfully deriving profits and gains.

94.     As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damage, including irreparable damage, to its business, goodwill, quality reputation and profits.   Defendant's aforementioned actions have caused and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from violations of Plaintiff's rights.  Plaintiff has no adequate remedy at law and therefore seeks injunctive relief

24

from this Court under 15 U.S.C. § 1116 and such monetary relief to which it is entitled pursuant to 15 U.S.C. § 1117, including disgorgement of profits, treble actual damages, reasonable attorneys' fees and costs.

<u>**COUNT III**</u>
**Cybersquatting**
**(15 U.S.C. § 1125(d))**

95.     As set forth more fully in ¶¶ 11-13, 15-23 above, Plaintiff owns registered and common law trademark rights in and to the OVIEDO ER® mark.

96.     As set forth more fully in ¶ 69 above, Defendant registered and/or has used the domain name <u>workatoviedoer.com</u> -- which wholly incorporates Plaintiff's OVIEDO ER® mark.

97.     As set forth more fully in ¶ 40-41 above, Plaintiff's OVIEDO ER® mark was distinctive of Plaintiff's OVIEDO ER® facility and Plaintiff's associated services at the time Defendant registered the <u>workatoviedoer.com</u> domain name.

98.     The <u>workatoviedoer.com</u> domain name is identical or confusingly similar to and/or wholly incorporates Plaintiff's OVIEDO ER® mark.

99.     Through the <workatoviedoer> domain name, Defendant promoted its infringing Adventhealth Oviedo ER facility, attempted to hire employees to staff this facility so that it can provide services, and linked or directed to other marketing and promotional material related to Plaintiff's business – all of which will generate profits for its facility – either directly or indirectly.   *See* <u>DN 1-28</u>.   The use of the domain name <u>workatoviedoer.com</u> was and is intended to generate profits through promoting and staffing the facility.

100.    Defendant registered, used, and continues to maintain control over the domain name <workatoviedoer.com> even after it received notice from Plaintiff as to Plaintiff's claim of ownership in and to the OVIEDO ER$^®$ mark and Plaintiff's objections to any use of the exact term OVIEDO ER$^®$ by Defendant.

101.    Defendant's unauthorized registration and/or use of the OVIEDO ER$^®$ mark in its <u>workatoviedoer.com</u>> domain name is likely to cause confusion, mistake, or deception with regard to the origin of such goods and services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant to provide its competing services, or in some way Defendant is connected to or affiliated with Plaintiff, when it is not.

102.    Defendant acted with bad faith intent to profit from the OVIEDO ER$^®$ mark though both its registration and subsequent use of the <u>workatoviedoer.com</u>> domain name.

103.    Upon information and belief, Defendant intends to divert consumers and potential employees from Plaintiff's website to the Defendant's website under the <u>workatoviedoer.com</u>> domain name for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant's website by Plaintiff.  The Defendant's website under the <u>workatovieoder.com</u>> domain name has the potential to harm the goodwill in and to the OVIEDO ER$^®$ name and mark.

104.    Defendant's act of registering and using the domain name <u>workatoviedoer.com</u>> was with bad faith with intent as (1) Defendant did not and does not have any trademark or other intellectual property rights in the domain name; (2) the domain name does not consist of a name that is otherwise commonly used to identify the Defendant;

(3) Defendant did not have any prior use of "OVIEDO ER" in connection with the bona fide offering of any goods or services;  (4) Defendant's use and prior use of the domain name does not constitute a bona fide noncommercial or fair use of the mark in a site accessible under the domain name; (5) Defendant registered the offending domain name using a proxy service which conceals Defendant's identity to the general public; and (6) Defendant registered and is using the domain name with the intent to divert consumers from Plaintiff's online location for commercial gain, namely, for the purpose of promoting and staffing Defendant's facility so it can offer services through its emergency room, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's website.

105.    Defendant's actions herein are willful and in reckless disregard for the rights of Plaintiff.

106.    By reason of Defendant's misconduct, Plaintiff has been damaged and will suffer damage to its business, reputation and goodwill and the loss of sales and profits in an amount to be determined at trial.

107.    By reason of Defendant's misconduct, Plaintiff is entitled to recover from Defendant such monetary relief to which it is entitled pursuant to 15 U.S.C. § 1117, including disgorgement of profits, treble actual damages, statutory damages, and/or its attorneys' fees and costs.

108.    Plaintiff has no adequate remedy at law and is further entitled to an injunction against Defendant requiring Defendant to transfer the <workatoviedoer.com> domain name to Plaintiff, together with other relief as is just and equitable in the circumstances.

**COUNT IV**
**Common Law Trademark Infringement**

109.    As set forth more fully in ¶¶ 11-13; 15-23 above, Plaintiff has adopted and used the OVIEDO ER® name and mark, in commerce and within the State of Florida, since at least as early as November 25, 2013, in connection with marketing, advertising, and performance of services to identify Plaintiff as the source of healthcare, medical, and emergency medical related services.

110.    As set forth more fully in ¶¶ 20, 24-26, 29-42 above, as a result of Plaintiff's substantially exclusive and continuous use of the OVIEDO ER® name and mark for over the past five years in commerce and within the State of Florida, and based on Plaintiff's extensive use and promotion of its services using the OVIEDO ER® name and mark since 2013 in commerce and within the State of Florida, consumers have come to associate the OVIEDO ER® mark with Plaintiff and the OVIEDO ER® mark serves to distinguish Plaintiff from its competitors in the market.  This has resulted in Plaintiff's OVIEDO ER® mark acquiring distinctiveness and/or secondary meaning within Plaintiff's trade area, including but not limited to the State of Florida.

111.    As set forth more fully in ¶¶ 11-13, 15-23 above, Plaintiff owns all rights, title, and interest in and to the OVIEDO ER®  name and mark, including all common law rights in such mark that exist in the State of Florida.

112.    Defendant, without authorization from Plaintiff, has used and is continuing to use the exact term and phrase "OVIEDO ER", including as part of the name ADVENTHEALTH OVIEDO ER, which is identical to, substantially indistinguishable from, or confusingly similar to the OVIEDO ER® name and mark.

113.    Defendant is using the exact term and phrase "OVIEDO ER", including as part of the name ADVENTHEALTH OVIEDO ER, to promote similar, competing services performed in the State of Florida.

114.    Defendant's use of the term "Oviedo ER" in Florida is intended to cause, has caused, and is likely to continue to cause confusion, mistake, and deception among patients and consumers, emergency services and other health care providers, as to whether Defendant's services originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

115.    Moreover, patients and their families will be confused as to which facility to locate, especially because Plaintiff and Defendant's facilities are both located on the same road (Red Bug Lake Road) only one (1) mile apart.

116.    Further, in an emergency situation, a patient could be transported to the wrong facility.

117.    As set forth more fully in ¶¶ 57-63, 70-74 above, Defendant has acted with knowledge of Plaintiff's ownership of the OVIEDO ER® name and mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

118.    Defendant's acts constitute trademark infringement in violation of the common law of the State of Florida.

119.    Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.  In fact, Defendant's "Oviedo ER" facility opened on October 17, 2019.

120.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

121.    Defendant's acts have damaged and will continue to damage and irreparably harm Plaintiff, and Plaintiff has no adequate remedy at law.

122.    Plaintiff is entitled to a temporary and permanent injunction against Defendant, as well as all other remedies available including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

<u>COUNT V</u>
**Common Law Unfair Competition**

123.    As set forth more fully in ¶¶ 11-13; 15-23 above, Plaintiff has adopted and used its OVIEDO ER® name and mark in commerce and within the State of Florida since at least 2013 in marketing, advertising and performance of services to identify Plaintiff as the source of healthcare, medical, and emergency medical related services.

124.    As set forth more fully in ¶¶ 20, 24-26, 29-42 above, as a result of Plaintiff's substantially exclusive and continuous use of the OVIEDO ER® name and mark for over the past five years, and based on Plaintiff's extensive use and promotion of its services using the OVIEDO ER® name and mark in commerce and within the State of Florida since 2013, in the relevant trade area, consumers have come to associate the OVIEDO ER® name and mark with Plaintiff and the OVIEDO ER® name and mark serves to distinguish Plaintiff from its competitors in the market.

125.    As set forth more fully in ¶¶ 47-56, 67-68 above, Defendant's unauthorized use of the exact term and phrase "OVIEDO ER," including as part of the name ADVENTHEALTH OVIEDO ER, which is identical to, substantially indistinguishable from,

30

or confusingly similar to the OVIEDO ER® name and mark, in connection with similar, competing services to those of Plaintiff and within the same trade area as Plaintiff in Florida, is causing, or is likely to cause customer confusion as to the source or the origin or affiliation of Defendant's services.

126.    Defendant's unauthorized use of the term "OVIEDO ER" and the OVIEDO ER® name and mark, including as part of the name ADVENTHEALTH OVIEDO ER, has and will allow Defendant to use, trade off and benefit from Plaintiff and the valuable goodwill that exists in and to the OVIEDO ER® name and mark.

127.    The foregoing acts of Defendant constitute unfair competition in violation of the common law of the State of Florida.

128.    As set forth more fully in ¶¶ 57-63, 70-74 above, Defendant has acted with knowledge of Plaintiff's ownership of the OVIEDO ER® name and mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

129.    Upon information and belief, based on the allegations set forth herein, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.  In fact, Defendant's "Oviedo ER" facility opened on October 17, 2019.

130.    Upon information and belief, Defendant intends to continue its acts of unfair competition, unless restrained by this Court.

131.    Accordingly, Defendant's acts have damaged and will continue to damage and irreparably harm Plaintiff, and Plaintiff has no adequate remedy at law.

132.    Plaintiff is entitled to a temporary and permanent injunction against Defendant, as well as all other remedies available including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**COUNT VI**
**Violation of the Florida Deceptive and Unfair Trade Practice Act**
**(Fla Stat. § 501.201 *et seq*.).**

133.    Defendant's use of the Plaintiff's OVIEDO ER® name and mark, or any terms similar thereto, is without Plaintiff's permission. Such acts constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201.

134.    Defendant's use of the exact term and phrase "OVIEDO ER", including as part of the name ADVENTHEALTH OVIEDO ER, which is identical to, substantially indistinguishable from, or confusingly similar to Plaintiff's OVIEDO ER® name and mark, in connection with similar, competing services to those of Plaintiff and within the same trade area as Plaintiff in Florida, is causing, or is likely to cause customer confusion as to the source or the origin or affiliation of Defendant's services.

135.    As set forth more fully in ¶¶ 57-63, 70-74 above, upon information and belief, Defendant has acted with knowledge of Plaintiff's registration and ownership of the OVIEDO ER® name and mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

136.    Upon information and belief, Defendant has willfully engaged in unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or

practices in the conduct of trade.  Defendant knew or should have known that its conduct was unfair or deceptive.

137.    Defendant's acts have damaged and will continue to damage and irreparably harm Plaintiff, and Plaintiff has no adequate remedy at law.

**<u>COUNT VII</u>**
**Unjust Enrichment**

138.    Since it opened in 2013, Plaintiff has spent as significant amount of money in advertising and promotional costs related to the promotion of the OVIEDO ER® branded facility.

139.    The OVIEDO ER® name and mark has value.

140.    As set forth more fully in ¶¶ 47-65 above, Defendant has used Plaintiff's registered and common law trademark without permission. Defendant's use of Plaintiff's OVIEDO ER® name and mark without Plaintiff's permission is a benefit incurred by Defendant.

141.    Defendant has knowingly retained this benefit.

142.    Because of Plaintiff's substantial investments into the OVIEDO ER® name and mark, it would be inequitable for Defendant to retain such benefit without paying for it.

143.    As such, the acts complained of above constitute unjust enrichment of Defendant at Plaintiff's expense, in violation of the common law of the State of Florida.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Oviedo Medical Center, LLC, demands judgment against the Defendant, Adventist Health System/Sunbelt, Inc. d/b/a AdventHealth Oviedo ER, as follows:

A.      That Judgment enter in favor of Plaintiff and against Defendant on Counts I through VII of the Amended Complaint;

B.      That Defendant, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from:

(1)      Using on or in connection with the use of, marketing, advertising, signage, decals, employee uniforms, social media (e.g. Facebook and Yelp), online platforms, promotion, sales or distribution of any products or services, or use as or part of any domain name, or for any commercial purposes whatsoever, the OVIEDO ER® name and mark or any variations thereof, including but not limited to the exact terms and phrase "OVIEDO ER", "ADVENTHEALTH OVIEDO ER", or any mark or name that wholly incorporates the term "OVIEDO ER" whether used as a solitary designation or in connection with any other designation or design, or any of Plaintiff's trademarks or service marks, or any variations thereof or anything confusingly similar thereto;

(2)      Representing by any means whatsoever, directly or indirectly, orally or written, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the Defendant's services are those of Plaintiff or that there is any affiliation or connection between Plaintiff or its services and Defendant or its services, and from otherwise unfairly competing with Plaintiff; and

(3)      Causing to be advertised, published or disseminated by any means any false or misleading statements as to the existence of any relationship between Defendant and Plaintiff, or between any services of Defendant and any services of Plaintiff; and

C.      That Defendant be ordered to transfer the <u>workatoviedoer.com</u> domain name to Plaintiff;

D.      That Plaintiff recovers its damages sustained as a result of Defendant's trademark infringement, unfair competition and false designation of origin, and unjust enrichment under federal, state and common law, together with an accounting of Defendant's profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious nature of the acts of Defendant;

E.      That Defendant be required to recall from any and all channels of trade, any and all advertising or promotional materials using the OVIEDO ER® name and mark and/or the term "OVIEDO ER", "ADVENTHEALTH OVIEDO ER", or anything confusingly similar thereto, in connection with its products or services, or any variations thereof or anything confusingly similar thereto, and to take affirmative steps to dispel any false suggestion of a connection to Plaintiff's OVIEDO ER® branded facility by virtue of its activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

F.      That Plaintiff recover Defendant's profits under 15 U.S.C. § 1117(a).

G.      That Plaintiff recover any actual damages under 15 U.S.C. § 1117(a).

H.      That Plaintiff recover its reasonable costs and attorneys' fees.

I.      That Plaintiff recover treble damages under 15 U.S.C. § 1117(a);

J.      That Plaintiff recover statutory damages pursuant to 15 U.S.C. § 1117(d);

I.      That Plaintiff recover its costs and disbursements herein;

J.      That Plaintiff be awarded a trial by Jury; and

K.    That Plaintiff be awarded such other and further relief as the Court may deem

just and proper.

Dated this 29th day of October, 2019.

Respectfully submitted,

*/s/ Martin B. Goldberg*
Dennis D. Murrell (Trial Counsel) (*pro hac vice*)
Elisabeth S. Gray (*pro hac vice*)
Brian P. McGraw (*pro hac vice*)
MIDDLETON REUTLINGER
401 S. Fourth St., Suite 2600
Louisville, Kentucky 40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442
Email:  DMurrell@middletonlaw.com
Email:  EGray@middletonmaw.com
Email:  bmcgraw@middletonlaw.com

and

Martin B. Goldberg (Trial Counsel)
Emily L. Pincow
LASH & GOLDBERG, LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL  33131-2158
Phone: (305) 347-4040
Fax:  (305) 347-4050
mgoldberg@lashgoldberg.com
epincow@lashgoldberg.com

**Counsel for Plaintiff Oviedo Medical Medical Center, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 29th, 2019, the foregoing was filed with the Court's CM/ECF e-filing service and was served upon the below listed counsel of record via e-mail:

Mayanne Downs (No. 754900)
Michael J. Colitz, III (No. 164348)
Jason Zimmerman (No. 104392)
GRAYROBINSON, P.A.
301 E. Pine St., Suite 1400
P.O. Box 3068
Orlando, FL  32802
Email: mayanne.downs@gray-robinson.com
    Kathy.savage@gray-robinson.com
    Michael.colitz@gray-robinson.com
    Jessica.gonzalez@gray-robinson.com
    Jason.zimmerman@gray-robinson.com
    Cindi.garner@gray-robinson.com

***Counsel for Defendant, Adventist Health System /
Sunbelt, Inc. d/b/a AdventHealth Oviedo ER***

_____
Dennis D. Murrell (*pro hac vice*)
Elisabeth S. Gray (*pro hac vice*)
Brian P. McGraw (*pro hac vice*)
***Counsel for Plaintiff***

MR 1358114v1

37