UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| OVIEDO MEDICAL CENTER, LLC | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 6:19-cv-01711-WWB-EJK |
| ADVENTIST HEALTH SYSTEM/SUNBELT, | ) |
| INC. d/b/a ADVENTHEALTH OVIEDO ER | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY**

Pursuant to Local Rules 3.01(c) and (d), Plaintiff Oviedo Medical Center, LLC respectfully moves this Court for leave to file a reply in support of its Renewed Motion for Preliminary Injunction [D.E. 53] of no more than five pages (5) in length.[1]  In Plaintiff's Renewed Motion, Plaintiff documented over fifty instances of actual confusion, including those impacting care to and safety of patients, detailed in multiple affidavits, resulting directly from Defendant's recent opening of its emergency room using Plaintiff's well-known, registered, OVIEDO ER name and mark.  Defendant opposed Plaintiff's Motion arguing that an injunction is not warranted positing misstatements of new purported facts, mischaracterizations of applicable 11th Circuit law, and a complete volte-face in an attempt to downplay the critical dangers of existing confusion and the risks to patient-safety now at stake in the community and before this Court for remedy.  *See* D.E. 54.

---

[1] Should this Court grant leave, Plaintiff can file the Reply within two (2) days.

"No party shall file any reply or further memorandum directed to the motion or response…unless the Court grants leave." Local Rule 3.01(c). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Promenades Mall (E&A), LLC v. Allstate Ins. Co.,* No. 208CV475FTM29SPC, 2008 WL 11334927, at *1 (M.D. Fla. Aug. 12, 2008). A reply is clearly warranted under the circumstances.

*First,* Defendant's opposition reveals a complete rowback from its prior position where Defendant previously represented that no confusion would occur as a result of the two ER facilities in the same community having the same name and mark.[2] But, when faced with detailed instances of serious confusion by EMS, patients, families, and healthcare professionals, since the time it opened its facility, Defendant about-faces, now theorizing that the Court always "*presumed*" this confusion would occur and that such safety-risk and harms should be accepted and disregarded by the Court.[3] This presentation of an entirely new stance warrants a reply.

*Second,* Defendant's opposition presents new law and then misstates it. Defendant states that "11 instances of patient confusion out of 2,302 patients treated at AdventHealth Oviedo ER … is insufficient to establish that an appreciable number of prudent consumers are likely to be deceived." *See* D.E 54 at 10 (citing, *e.g.*, *B. D. Commc'ns v. Dial Media, Inc.,* 429

---

[2] *See* D.E. 36 at 6 ("no competent evidence suggests confusion between the facilities is likely to occur"); *id.* at 18 ("OMC…suggests emergency responders are so incompetent and systems so disorganized that similar sounding facility name could create mass confusion leading to patient harm or even death. Nothing could be further from the truth.").

[3] *See* D.E. 54 at 2 (now arguing that the confusion delineated "is common whenever similar healthcare facilities operate in proximity."); *id.* at 5 ("This Court already presumed the mark was causing confusion when it entered the Order").

F. Supp. 1011 (S.D.N.Y. 1977)).  Defendant's reliance on forty-year-old out-of-circuit cases is contrary to governing 11th Circuit law.[4]  Defendant's misstatement justifies a response.

*Third,* Defendant argues for the first time that Plaintiff's mark is based on an alleged "misrepresentation to the USPTO."  D.E. 54 at 12.  Defendant's claim that there was "no indication to the Examining Attorney that Oviedo was a city in Florida" is flatly wrong[5] and warrants a fulsome correction.[6]

*Lastly,* Defendant argues for the first time that Plaintiff has been "complicit in creating the confusion" – which is factually false.  *Id.* at 10-11.  In fact, Defendant goes so far to argue that *Plaintiff* is somehow "primarily responsible…in the purported confusion it seeks to redress."  *Id.* at 11.  Plaintiff should be entitled to present facts responding to this new mitigation argument and to address applicable law on this point which squarely puts all responsibility for mitigation on the new entry to the market (the Defendant here), which law Defendant's brief wholly omits.

Accordingly, Plaintiff respectfully requests leave to file a short reply no longer than five (5) pages.

---

[4] While OMC disputes these figures factually, a reply is necessary to explain that (i) the standard set forth by Plaintiff is incorrect as a matter of law and (ii) when the correct standard is applied even Plaintiff's purported numbers compel a finding of irreparable harm. *See AmBrit, Inc. v. Kraft, Inc.,* 812 F.2d 1531, 1544 (11th Cir. 1986) ("With respect to Kraft's assertion that the [four] reported instances of confusion are small given the high volume of sales, we note that it takes very little evidence to establish the existence of the actual confusion factor."); *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 598 F. Supp. 2d 1248, 1264 (M.D. Fla. 2009) ("Actual confusion by a few customers is the best evidence of likelihood of confusion by many customers.").

[5] *See e.g.* D.E. 54 Ex C at 18 (specifically noting the geographic significance of the mark, checking "Other:  https://oviedomedicalcenter.com/ the services are provided in the named place.").

[6] *See Ottaviano v. Nautilus Ins. Co*., No. 8:08-CV-2204T33TGW, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) (misstatement of facts warranting a reply).

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned movant conferred with counsel for Defendant, and Defendant opposes the relief sought in this Motion.

Dated: January 20, 2020

        Respectfully submitted,

        */s/ Martin B. Goldberg*
        Martin B. Goldberg
        Emily L. Pincow
        LASH & GOLDBERG, LLP
        Miami Tower
        100 SE 2nd Street, Suite 1200
        Miami, FL 33131-2158
        Phone: (305) 347-4040
        Fax: (305) 347-4050
        mgoldberg@lashgoldberg.com
        epincow@lashgoldberg.com

        and

        Dennis D. Murrell*
        Elisabeth S. Gray*
        Brian McGraw*
        MIDDLETON REUTLINGER
        401 S. Fourth Street, Suite 2600
        Louisville, Kentucky 40202
        Phone: (502) 584-1135
        Fax: (502) 561-0442
        dmurrell@middletonlaw.com
        egray@middletonlaw.com
        bmcgraw@middletonlaw.com

        *pro hac vice applications to be submitted*

        **Counsel for Plaintiff Oviedo Medical Medical Center, LLC**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 20, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification to counsel of record:

                                      */s/Emily L. Pincow*
                                      Martin B. Goldberg
                                      Emily L. Pincow