UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC     )
                                            )
        PLAINTIFF,                 )
                                            )
v.                                          )
                                          ) Case No.: 6:19-cv-01711-WWB-EJK
ADVENTIST HEALTH SYSTEM/SUNBELT,   )
INC. d/b/a ADVENTHEALTH OVIEDO ER    )
                                          )
        DEFENDANT.            )
_____)

## **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS RENEWED MOTION FOR PRELIMINARY INJUNCTION**

### A. Defendant's Downplay of Actual Confusion Evidence Fails.

To downplay the shocking evidence of actual confusion ███████████ now clearly before the Court, Defendant attempts a complete volte-face, pretending that it and the Court always expected such confusion. Not so. First, Defendant previously represented to this Court that <u>no</u> confusion would occur as a result of the two ER facilities having the same name and mark.[1] With no way to ignore the actual persistent confusion once it recently opened for business, ██████████████████████████████, Defendant now claims that such confusion "is common whenever similar healthcare facilities operate in close proximity." *See* D.E. 54 at 2. Defendant's rowback is unconvincing. Second, Defendant posits that this Court always "expected" or even "presumed" this confusion (D.E. 54 at 5), mischaracterizing both the Court's Order and the record. To the contrary, the Court previously found that "[t]here [was] no evidence in the record[]" as to actual confusion. D.E. 40 at 6. Indeed, Plaintiff candidly acknowledged and the Court recognized that the lack of actual confusion in the record was because Defendant's facility had not yet opened. *See* D.E 43, Hrg. Tr. at 31:18-22 (MR. MURRELL: It does not show evidence of actual confusion however, they've not opened yet. We've not had a chance for a single patient, family member, anybody else going to Red Bug Lake Road to Oviedo ER to be confused by them. You wouldn't expect actual confusion until they open…"); 38:10-16 (THE COURT: "… obviously, at this point we can't know for sure whether people are confused because it's not opened yet."); *see also* D.E.

---

[1] *See* D.E. 36 at 6 ("no competent evidence suggests confusion between the facilities is likely to occur"); *id.* at 18 ("OMC…suggests emergency responders are so incompetent and systems so disorganized that similar sounding facility names could create mass confusion leading to patient harm or even death. Nothing could be further from the truth."); D.E. 43, Hrg. Tr. at 69:23-24 ("So the idea of confusion by EMTs is a little overblown – much overblown.").

42-1 (Ex. A at 49) (attached as Exhibit 13) ("TBD" for "any evidence of actual confusion.").

Now that Defendant's ER facility has commenced operations, the evidence that was lacking pre-opening is timely before the Court.[2] The documented actual confusion shows confusion from, *inter alia*, patients, patient's families, other healthcare providers or facilities (including Defendant itself), and EMS. *See Uber Promotions, Inc. v. Uber Techs., Inc.,* 162 F. Supp. 3d 1253, 1272 (N.D. Fla. 2016) ("confusion is relevant when it exists in the minds of persons in a position to influence the purchasing decision or persons whose confusion presents a significant risk to the sales, goodwill, or reputation of the trademark owner."). The confusion log demonstrates confusion at the point of purchase or sale – *i.e.* when the consumer presents and/or is admitted to the facility. *See Suntree Techs., Inc. v. EcoSense Int'l, Inc.,* 802 F. Supp. 2d 1273, 1280 (M.D. Fla. 2011), *aff'd*, 693 F.3d 1338 (11th Cir. 2012) (holding confusion relevant either during the customer's initial interest in the product, at the point of sale, or post sale); *Rearden LLC v. Rearden Commerce, Inc.,* 683 F.3d 1190, 1214 (9th Cir. 2012) (initial, point of sale, or post sale confusion can be shown through vendors, suppliers, potential employees, investors, and similar groups of non-consumers); 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:5 (5th ed.) (recognizing point of sale confusion as the most common) ("MCCARTHY").

---

[2] Defendant's argument that the Court's prior finding of delay still precludes a preliminary injunction now, under these changed circumstances, misses the mark. The extreme confusion that has now resulted from Defendant's opening and operation, which has been expeditiously raised on this renewed motion, should override any prior concern of delay. *See Fisheries, Inc. v. The Vill. Catch, Inc.,* 698 F. Supp. 994, 1014 (D. Mass. 1988) (finding no delay under gradual encroachment theory since opening of a third location resulted in "a level of consumer confusion far greater than anything plaintiff could reasonably have known from its experience" with the prior locations); *see also BellSouth Advert. & Publ'g Corp. v. Real Color Pages, Inc.,* 792 F. Supp. 775, 785 (M.D. Fla. 1991) ("the Court finds that Plaintiff's delay of seven to eight months is not an unreasonable amount of delay, and does not necessitate the preclusion of a finding of irreparable injury").

Indeed, the evidence that was lacking *pre*-opening is now before the Court in spades: multiple instances of actual confusion at the point of admission directly tied to Defendant's unlawful use of the Oviedo ER name and mark.[3] Defendant's conclusory claim that the confusion is all the result of geographic proximity or carelessness, rather than the mark itself, fails.[4] Indeed, many of the incidents detail that the confusion was, in fact, the direct result of Defendant's unlawful use of Oviedo ER's name and mark. *See e.g.* Ex. 2 at OVIEDO_ER_800 (paperwork confused names Oviedo ER from Oviedo ER AdventHealth); OVIEDO_ER_799 (ambulance drivers looking for transfer stating they were called to Oviedo ER, but patient was at AdventHealth Oviedo ER); D.E. 53, Ex. 5 (phone call with the caller ID identifying "Oviedo ED" as the source of the call, but caller identified herself from "Oviedo ER at Advent.").

### B. Irreparable Harm Has Been Established Under Eleventh Circuit Law.

Defendant's attempt to shrink the confusion log down to "11 instances of patient

---

[3] Plaintiff has met the appropriate standard for irreparable harm by demonstrating actual confusion at the point of sale. *See Suntree, supra*, p. 2. Although the Court stated that "confusion would have to persist-unbroken-through travel to the physical location, admission, treatment, payment, and discharge from the facility" (D.E. 40 at 6), Plaintiffs have not located any case law requiring this for a finding of actual confusion. In any event, the evidence shows confusion at the various stages articulated by the Court's prior Order: *Physical location* (███████████████ ███████████████ *see* Ex. 2 at OVIEDO_ER-797); *admission* (███████████████ OVIEDO_ER_800); *treatment* (█████████ OVIEDO_ER_797); (███████████████ ███████████████ *payment* (bill addressed to Oviedo Medical Center for supplies ordered and delivered to AdventHealth, OVIEDO_ER_796); *discharge* (pharmacy called Plaintiff looking for physician, who is at AdventHealth Oviedo ER, regarding a patient's prescription, OVIEDO_ER_799).

[4] Defendant takes Dr. Todd Husty's November 14, 2019 memorandum to all EMS personnel out of context. Dr. Husty, in fact, explicitly highlighted the confusion between Oviedo ER and Defendant's ER based on their names. *See* D.E. S-53 ("We have had, for example, a patient request for Oviedo, was taken to Oviedo free standing, but wanted to go to the hospital where the patient had been previously."). Defendant conveniently (and misleadingly) omits this critical portion of Dr. Husty's memo to suggest that it "focuses on the recent development of free-standing emergency rooms *generally* as the primary source of confusion." D.E. 54 at 8 (emphasis added).

confusion…in [only] three months since opening" as "de minimus," "insufficient" or merely a "fleeting mix-up of names" (D.E. 54 at 10) is not only factually incorrect,[5] but also legally flawed. Plaintiff relies on forty-year-old out of circuit cases and omits Eleventh Circuit authorities to the contrary. *See* D.E. 54 at 2, 9. Courts in this Circuit have held that even a few instances of consumer confusion are sufficient to establish actual confusion. *See Uber,* 162 F. Supp. 3d at 1274-75 (finding "five or so instances" of confusion to be sufficient, highlighting that "the Eleventh Circuit has repeatedly emphasized the importance of [actual confusion].").[6] The incidents of confusion here are more than enough to establish actual confusion (and, under these circumstances involving patient health and safety, even one is *too* much).

### C. OVIEDO ER® is a Valid and Enforceable Trademark.

This Court previously found that Plaintiff has a substantial likelihood of success on the merits. D.E. 40 at 2-3. Since then, the Trademark Office issued registration certificates for both the word only and logo forms of Plaintiff's OVEIDO ER marks. *See* D.E. S-53 (Ex. 12). Defendant's argument that Plaintiff misrepresented or "never bothered to correct the

---

[5] Approximately 30 log entries relate to confusion experienced by patients, families, other facilities (including Defendant's), or EMS. *See* S-53 (Ex. 2). In any event, Defendant's claim that the remainder of the entries were mere "clerical errors resulting in misdirected invoices, deliveries, phone calls, and construction materials by vendors and other healthcare professionals who are not consumers" (D.E. 54 at 9-10) is unavailing. *See e.g.*, *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 598 F. Supp. 2d 1248, 1264 (M.D. Fla. 2009) ("Actual confusion may be shown in a variety of ways, including inquiries regarding possible affiliations between the parties, attempts to purchase goods or services actually offered by the other party, and misdirected correspondence such as bills or letters.") (internal quotes and cites omitted); *Uber*, 162 F. Supp. 3d at 1272.

[6] *See also Homes & Land*, 598 F. Supp. 2d at 1264 ("Actual confusion by a few customers is the best evidence of likelihood of confusion by many customers."); *Safeway Stores, Inc. v. Safeway Disc. Drugs, Inc.*, 675 F.2d 1160, 1167 (11th Cir. 1982), *abrogated on other grounds* (finding two instances of confusion sufficient); *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1544 (11th Cir. 1986) ("With respect to Kraft's assertion that [four] reported instances of confusion are small given the high volume of sales, we note that it takes *very little evidence* to establish the existence of the actual confusion.") (emphasis added). Notably, *AmBrit* involved confusion over packaging of a Klondike ice cream bar – not the grave confusion before this Court involving ER patient healthcare. *See id.*

Examining Attorney's misunderstanding" that the facility was located in Oviedo (D.E. 54 at 12) is factually incorrect. Plaintiff filed its applications under §2(f) of the Trademark Act (15 U.S.C. §1052(f)), an acknowledgment that "Oviedo ER" was geographically descriptive and that Plaintiff was claiming "acquired distinctiveness" in its mark. *See* D.E. 54 (Ex. C). The exhibit itself reveals the Examiner's understanding that Plaintiff's facility was located in Oviedo. Just above the line cited by Defendant, the Examiner noted the geographic significance of the mark by checking "Other": "https://oviedomedicalcenter.com/ the services are provided in the named place." *Id.* at 18. Defendant's assertion that the Examiner was "completely unaware of the geographic significance of 'Oviedo'" or that Plaintiff somehow misrepresented or withheld facts from the Trademark Office is simply wrong.[7]

### D.  Defendant, as the Newcomer, Bears the Burden to Mitigate Confusion.

Defendant's argument – sans any legal authority – that Plaintiff is "primarily responsible – or at least complicit" in the confusion (D.E. 54 at 11) has established trademark law completely backwards. It is the <u>*new*</u> entrant's affirmative duty to avoid confusion with an existing well-known mark. *See, e.g., Bridgestone Am. Tire Operations, LLC v. Fed. Corp.,* 673 F.3d 1330, 1337 (Fed. Cir. 2012) ("There is a heavy burden on the newcomer to avoid consumer confusion as to products and their source."). Pursuant to the long-standing "rule of doubt," the junior user (*i.e.*, Defendant) bears the obligation to avoid confusion with the senior user's (*i.e.* Plaintiff's) existing mark. *See* 4 MCCARTHY §23.64 & §23.65.

Dated: January 24, 2020

---

[7] Notably, defendant had the opportunity to oppose Plaintiff's applications on grounds of geographic descriptiveness when they were published for opposition on July 30, 2019, but failed to do so.

Respectfully submitted,

/s/ Martin B. Goldberg
Martin B. Goldberg
Emily L. Pincow
LASH & GOLDBERG, LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL 33131-2158
Phone: (305) 347-4040
Fax: (305) 347-4050
mgoldberg@lashgoldberg.com
epincow@lashgoldberg.com

and

Dennis D. Murrell*
Elisabeth S. Gray*
Brian McGraw*
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
Phone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
egray@middletonlaw.com
bmcgraw@middletonlaw.com

*pro hac vice

**Counsel for Plaintiff Oviedo Medical
Medical Center, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 24, 2020, I sent the foregoing Reply, which is being filed under seal to the Clerk in hard copy, and served it via e-mail, overnight mail (signature required) pursuant to Fed. R. Civ. P. 5(b)(2)(b)(i), and via U.S. Mail, postage pre-paid, pursuant to Fed. R. Civ. P. 5(b)(c), to the following counsel of record for Defendant:


Mayanne Downs (No. 754900)
Michael J. Colitz, III (No. 164348)
Jason Zimmerman (No. 104392)
GRAYROBINSON, P.A.
301 E. Pine St., Suite 1400
P.O. Box 3068
Orlando, FL 32802
Email: mayanne.downs@gray-robinson.com
        Kathy.savage@gray-robinson.com
        Michael.colitz@gray-robinson.com
        Jessica.gonzalez@gray-robinson.com
        Jason.zimmerman@gray-robinson.com
        Cindi.garner@gray-robinson.com

***Counsel for Defendant, Adventist Health System /
Sunbelt, Inc. d/b/a AdventHealth Oviedo ER***

                                    */s/* Emily L. Pincow
                                    One of Counsel for Plaintiff,
                                    Oviedo Medical Center, LLC