UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC,

                    Plaintiff,

v.                                              CASE NO. 6:19-cv-01711-WWB-EJK

ADVENTIST HEALTH SYSTEM/SUNBELT, INC.
D/B/A ADVENTHEALTH OVIEDO ER,

                    Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Adventist Health System/Sunbelt, Inc. d/b/a AdventHealth Oviedo ER ("AdventHealth"), hereby files its Answer and Counterclaims to Plaintiff Oviedo Medical Center LLC's ("OMC") Amended Complaint [Doc. 46], and responds to the corresponding headings and each of the specifically numbered Paragraphs to the Amended Complaint as follows:

## INTRODUCTION

1.      AdventHealth admits that OMC's Amended Complaint purports to state causes of action for: Trademark Infringement and Unfair Competition under the Lanham Act; Cybersquatting under the Anticybersquatting Consumer Protection Act; Common Law Trademark Infringement, Common Law Unfair Competition, and Unjust Enrichment. AdventHealth, however, denies the remainder of the allegations in the Paragraph, and that OMC is entitled to any of the relief it seeks..

## The Parties

2.      AdventHealth denies that OMC owns all federally registered and common law rights in the OVIEDO ER name and mark.   Otherwise, AdventHealth lacks sufficient information to admit or deny the remaining allegations in Paragraph 2 and therefore denies same.

3.      AdventHealth admits the allegations of Paragraph 3.

## Jurisdiction and Venue

4.      AdventHealth admits that this Court has original jurisdiction over any Lanham Act claims, otherwise denied.

5.      AdventHealth admits that this Court has original jurisdiction over the unfair competition claims under 28 U.S.C. §1338(b).

6.      AdventHealth admits that this Court has jurisdiction over any related claims pursuant to 28 U.S.C. §1367 and that AdventHealth has been properly served.

7.      AdventHealth admits that venue is proper in this Court.

## Parties and Personal Jurisdiction

8.      AdventHealth admits the allegations of Paragraph 8.

9.      AdventHealth admits that OMC has alleged that a substantial part of the actions arose within the Middle District of Florida.

10.      AdventHealth denies the allegations in Paragraph 10.

## FACTUAL BACKGROUND
## Plaintiff and its OVIEDO ER Mark

11.      AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 11 and therefore denies same.

12.     AdventHealth admits that OMC has attached to the Amended Complaint the certificate of registration for U.S. trademark Reg. 5,884,168 but otherwise denies the allegations of Paragraph 12.

13.     AdventHealth admits that OMC has attached to the Amended Complaint the certificate of registration for U.S. trademark Reg. 5,884,339 but otherwise denies the allegations of Paragraph 13.

14.     The allegation of Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, AdventHealth responds that the cited statute speaks for itself and denies any characterization of it.

15.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 15 and therefore denies same.

16.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 16 and therefore denies same.

17.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 17 and therefore denies same.

18.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 18 and therefore denies same.

19.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 19 and therefore denies same.

20.     AdventHealth denies the allegations in Paragraph 20.

21.     AdventHealth denies the allegations in Paragraph 21.

22.     AdventHealth denies the allegations in Paragraph 22.

23.     AdventHealth denies the allegations in Paragraph 23.

24.     AdventHealth denies the allegations in Paragraph 24.

25.     AdventHealth admits that the referenced exhibit is a Wikipedia page, but otherwise denies the allegations of Paragraph 25.

26.     AdventHealth admits that the referenced exhibit is a printout from Foursquare.com, but otherwise denies the allegations of Paragraph 26.

27.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies same.

28.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 28 and therefore denies same.

29.     AdventHealth denies the allegations of Paragraph 29.

30.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 30 and therefore denies same.

31.     AdventHealth denies the allegations of Paragraph 31.

32.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 32 and therefore denies same.

33.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 33 and therefore denies same.

34.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

35.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

4

36.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 36 and therefore denies same.

37.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

38.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 38 and therefore denies same.

39.     AdventHealth denies the allegations of Paragraph 39.

40.     AdventHealth denies the allegations of Paragraph 40.

41.     The allegation of Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is required, AdventHealth responds that the cited statute speaks for itself and denies any characterization of it.

42.     AdventHealth lacks sufficient information to admit or deny the allegations of Paragraph 42 and therefore denies same.

### Defendant and its Infringing Use of the OVIEDO ER® Mark

43.     AdventHealth admits the allegations of Paragraph 43.

44.     AdventHealth admits the allegations of Paragraph 44.

45.     AdventHealth admits the allegations of Paragraph 45.

46.     AdventHealth admits the allegations of Paragraph 46.

47.     AdventHealth admits the allegations of Paragraph 47.

48.     AdventHealth admits that on or about November 1, 2018, it announced a groundbreaking, but otherwise denies the allegations of Paragraph 48.

49.     AdventHealth admits that its proposed facility was to be a freestanding emergency care facility, but otherwise denies the allegations of Paragraph 49.

50.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

51.     AdventHealth denies the allegations of Paragraph 51.

52.     AdventHealth denies the allegations of Paragraph 52.

53.     AdventHealth denies the allegations of Paragraph 53.

54.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

55.     AdventHealth denies the allegations of Paragraph 55.

56.     AdventHealth denies the allegations of Paragraph 56.

**Plaintiff Notifies Defendant of its Infringing Activity**

57.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

58.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

59.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

60.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

61.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

62.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

63.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

## Defendant's Continued Defiance of Plaintiff's Trademark Rights

64.     AdventHealth admits that it erected the depicted billboard, but otherwise denies the allegations of Paragraph 64.

65.     AdventHealth denies the allegations of Paragraph 65.

66.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

67.     AdventHealth denies the allegations of Paragraph 67.

68.     AdventHealth denies the allegations of Paragraph 68.

69.     AdventHealth admits that it registered the referenced domain name, but otherwise denies the allegations of Paragraph 69.

70.     To the extent a response is required, AdventHealth responds that the referenced exhibit speaks for itself and denies any characterization of it.

71.     AdventHealth admits the allegations of Paragraph 71.

72.     AdventHealth denies the allegations of Paragraph 72.

73.     AdventHealth denies the allegations of Paragraph 73.

74.     AdventHealth denies the allegations of Paragraph 74.

## COUNT I
### Registered Trademark Infringement
### (15 U.S.C. §1114)

75.     AdventHealth denies the allegations of Paragraph 75.

76.     AdventHealth admits that it uses the mark "AdventHealth Oviedo ER," but otherwise denies the allegations of Paragraph 76.

77.     AdventHealth denies the allegations of Paragraph 77.

78.     AdventHealth denies the allegations of Paragraph 78.

79.     AdventHealth denies the allegations of Paragraph 79.

80.     AdventHealth admits that it is aware of OMC's trademark registrations and further admits that it is using the mark "AdventHealth Oviedo ER," but otherwise denies the allegations of Paragraph 80.

81.     AdventHealth denies the allegations of Paragraph 81.

82.     AdventHealth denies the allegations of Paragraph 82.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. §1125(a))

83.     AdventHealth denies the allegations of Paragraph 83.

84.     AdventHealth denies the allegations of Paragraph 84.

85.     AdventHealth denies the allegations of Paragraph 85.

86.     AdventHealth denies the allegations of Paragraph 86.

87.     AdventHealth admits that it does not have permission from OMC to use OVIEDO ER, but denies that such permission is necessary.

88.     AdventHealth denies the allegations of Paragraph 88.

89.     AdventHealth denies the allegations of Paragraph 89.

90.     AdventHealth denies the allegations of Paragraph 90.

91.     AdventHealth denies the allegations of Paragraph 91.

92.     AdventHealth denies the allegations of Paragraph 92.

93.     AdventHealth denies the allegations of Paragraph 93.

94.     AdventHealth denies the allegations of Paragraph 94.

## COUNT III
### Cybersquatting
### (15 U.S.C. §1125(d))

95.     AdventHealth denies the allegations of Paragraph 95.

96.     AdventHealth admits that it registered the referenced domain, otherwise denied.

97.     AdventHealth denies the allegations of Paragraph 97.

98.     AdventHealth denies the allegations of Paragraph 98.

99.     AdventHealth denies the allegations of Paragraph 99.

100.    AdventHealth denies the allegations of Paragraph 100.

101.    AdventHealth denies the allegations of Paragraph 101.

102.    AdventHealth denies the allegations of Paragraph 102.

103.    AdventHealth denies the allegations of Paragraph 103.

104.    AdventHealth admits that it registered the workatoviedoer.com domain, but it denies the other allegations of Paragraph 104.

105.    AdventHealth denies the allegations of Paragraph 105.

106.    AdventHealth denies the allegations of Paragraph 106.

107.    AdventHealth denies the allegations of Paragraph 107.

108.    AdventHealth denies the allegations of Paragraph 108.

## COUNT IV
### Common Law Trademark Infringement

109.    AdventHealth denies the allegations of Paragraph 109.

110.    AdventHealth denies the allegations of Paragraph 110.

111.    AdventHealth denies the allegations of Paragraph 111.

112.    AdventHealth denies the allegations of Paragraph 112.

113.    AdventHealth denies the allegations of Paragraph 113.

114.    AdventHealth denies the allegations of Paragraph 114.

115.    AdventHealth denies the allegations of Paragraph 115.

116.    AdventHealth denies the allegations of Paragraph 116.

117.    AdventHealth denies the allegations of Paragraph 117.

118.    AdventHealth denies the allegations of Paragraph 118.

119.    AdventHealth denies the allegations of Paragraph 119.

120.    AdventHealth denies the allegations of Paragraph 120.

121.    AdventHealth denies the allegations of Paragraph 121.

122.    AdventHealth denies the allegations of Paragraph 122.

## COUNT V
### Common Law Unfair Competition

123.    AdventHealth denies the allegations of Paragraph 123.

124.    AdventHealth denies the allegations of Paragraph 124.

125.    AdventHealth denies the allegations of Paragraph 125.

126.    AdventHealth denies the allegations of Paragraph 126.

127.    AdventHealth denies the allegations of Paragraph 127.

128.    AdventHealth denies the allegations of Paragraph 128.

129.    AdventHealth denies the allegations of Paragraph 129.

130.    AdventHealth denies the allegations of Paragraph 130.

131.    AdventHealth denies the allegations of Paragraph 131.

132.    AdventHealth denies the allegations of Paragraph 132.

## COUNT VI
### Violation of the Florida Deceptive and Unfair Trade Practice Act
### (Fla. Stat. §501.201 et. seq.)

133.    AdventHealth denies the allegations of Paragraph 133.

134.    AdventHealth denies the allegations of Paragraph 134.

135.    AdventHealth denies the allegations of Paragraph 135.

136.    AdventHealth denies the allegations of Paragraph 136.

137.    AdventHealth denies the allegations of Paragraph 137.

## COUNT VII
### Unjust Enrichment

138.    AdventHealth denies the allegations of Paragraph 138.

139.    AdventHealth denies the allegations of Paragraph 139.

140.    AdventHealth denies the allegations of Paragraph 140.

141.    AdventHealth denies the allegations of Paragraph 141.

142.    AdventHealth denies the allegations of Paragraph 142.

143.    AdventHealth denies the allegations of Paragraph 143.

Any of the allegations contained within OMC's Amended Complaint that are not specifically admitted are hereby denied.

## PRAYER FOR RELIEF

AdventHealth denies that OMC is entitled to any of the relief outlined in its prayer for relief.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth above, AdventHealth alleges the following affirmative defenses to the Amended Complaint.

### First Affirmative Defense: Invalid Trademarks

OMC's claims are barred because the referenced trademark registrations are invalid for failure to inform the U.S. Patent and Trademark Office of material facts, including but not limited to, the geographic significance of "Oviedo."

### Second Affirmative Defense: Fraud in the Procurement

The OMC trademarks are barred in whole or in part by the doctrine of fraud in the procurement as a result of willful misrepresentations made by OMC to the U.S. Patent and Trademark Office, including but not limited to, the assertion that the trademarks had become distinctive of the goods/services through substantially exclusive and continuous use of the marks in the five years immediately before the filing of the trademark applications.

### Third Affirmative Defense: Unclean Hands

OMC's claims for relief are barred in whole or in part by the doctrine of unclean hands, including but not limited to, OMC's conduct before the U.S. Patent and Trademark Office as set forth above.

### Fourth Affirmative Defense: Fair Use

To the extent that OMC's OVIEDO ER trademark is valid, which it is not, any use by AdventHealth of "Oviedo ER" has been in its primary descriptive sense to describe the services and location of AdventHealth.  As such, AdventHealth's usage of "Oviedo ER" constitutes classic fair use.

### Fifth Affirmative Defense: Truth

To the extent that that AdventHealth used the phrase Oviedo ER, it was a  statement of fact and that statement was truthful.

### Sixth Affirmative Defense: Abandonment

OMC's claims are barred, in whole or in part, by the doctrine of abandonment.  On information and belief, OMC purposefully removed various outdoor signage displaying the purported OVIEDO ER mark in favor of signage displaying the OVIEDO MEDICAL CENTER name, and, upon information and belief, otherwise failed to take action to build a strong mark, which actions constitute trademark abandonment.

### Seventh Affirmative Defense: Laches

OMC's claims are barred, in whole or in part, by the doctrine of Laches due to its unexplained and substantial delay in asserting its claims.

### Eighth Affirmative Defense: Wavier/Acquiescence

OMC's claims are barred, in whole or in part, by the doctrines of Waiver and Acquiescence due to its unexplained and substantial delay in bringing this action.

### Ninth Affirmative Defense: Estoppel

OMC's claims are barred, in whole or in part, by the doctrine of Estoppel due to its

unexplained and substantial delay in bringing this action.

OMC's Amended Complaint fails to provide sufficient information to permit AdventHealth to assert all applicable defenses. Accordingly, AdventHealth reserves the right to amend to supplement its Answer and Affirmative Defenses.

## COUNTERCLAIMS

Adventist Health System/Sunbelt, Inc. d/b/a/ AdventHealth Oviedo ER hereby sues Oviedo Medical Center, LLC and in support thereof alleges as follows.

### The Parties

1.      Counter-Plaintiff Adventist Health System/Sunbelt, Inc. d/b/a/ AdventHealth Oviedo ER ("AdventHealth") is a Florida Corporation with an address of 900 Hope Way, Altamonte Springs, Florida 32714.

2.      Counter-Defendant Oviedo Medical Center, LLC ("OMC") is believed to be a Florida Limited Liability Company with an address of One Park Plaza, Nashville, Tennessee 37203.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§1331 and 1338.

4.      This Court has personal jurisdiction over OMC because it is a Florida Company with a place of business in Seminole County, Florida and because OMC has submitted itself to this Court's jurisdiction by filing the Complaint in this case.

5.      Venue is proper in this District under 28 U.S.C. §1391(c).

### General Allegations

6.      On or about November 16, 2018, OMC, through its counsel, contacted AdventHealth alleging that OMC had been using the trade name/service mark "Oviedo ER to brand its emergency department since 2013." OMC further argued that it had priority to use the mark and requested that AdventHealth discontinue use of any name that includes "Oviedo ER."

7.      AdventHealth responded on December 6, 2018, noting that OMC had not filed a federal trademark application. AdventHealth further noted that, "OVIEDO ER is located in Oviedo, Florida, as such, the term OVIEDO is merely geographically descriptive, and Section 2(e)(2) of the Trademark Act prohibits registration on the Principal Register of a mark that is primarily geographically descriptive."

8.      Thus, as early as December 6, 2018, both OMC and its counsel were aware of the prohibition against obtaining a federal registration on OVIEDO ER for services related to an emergency room located in Oviedo, Florida.

9.      OMC responded on January 2, 2019, and argued that "it is the only party that would be able to establish secondary meaning" because "Oviedo Medical Center has been the only entity using OVIEDO ER as a trade name and service mark in the vicinity at issue since 2013."

10.      However, as noted in Paragraphs 20-22 of its Amended Complaint, OMC now states that it only began using the OVIEDO ER mark on January 30, 2017, and that any use in 2013 was by a predecessor.

11.     OMC's ownership claims in the OVIEDO ER trademark are based upon a Nunc Pro Tunc Assignment of Intellectual Property Rights executed by Central Florida Regional Hospital, Inc. on August 21, 2019.

### OMC's Fraudulent Trademark Applications

12.     On or about April 1, 2019, OMC filed a federal trademark application for the word mark "OVIEDO ER" (the "OVIEDO ER Word Mark").  Exhibit A, App. Ser. No. 88/366,385 (hereinafter the "385 Application").

13.     On or about April 3, 2019, OMC filed a federal trademark application on the OVIEDO ER Logo (the "OVIEDO ER Logo").  Exhibit B, App. Ser. No. 88/370,236 (hereinafter the "236 Application").  The OVIEDO ER Word Mark and the OVIEDO ER Logo are collectively referred to as the "Marks."[1]

14.     In both the '385 and '236 Applications, OMC affirmatively represented to the U.S. Patent and Trademark Office ("USPTO") that it owned the Marks.

15.     At no time during the prosecution of the '385 or '236 Applications did OMC inform the USPTO that the Marks were actually owned by Central Florida Regional Hospital, Inc.

16.     In both the '385 and '236 Applications, OMC affirmatively represented to the USPTO that the address of Oviedo Medical Center, LLC was One Park Plaza, Nashville, Tennessee.

---

[1] AdventHealth refers to "Oviedo ER" and the "Oviedo ER logo" as identified in the Amended Complaint as Marks for ease of reference only, and expressly disputes that either is an enforceable trademark.

17.     At no time during the prosecution of the '385 or '236 Applications did OMC inform the USPTO that "Oviedo" was a City in Florida.

18.     At no time during the prosecution of the '385 or '236 Applications did OMC inform the USPTO that its services were provided in the City of Oviedo.

19.     At no time during the prosecution of the '385 or '236 Applications did OMC inform the USPTO of the geographical significance of Oviedo.

20.     The Examining Attorney for both the '385 and the '236 Applications prepared a "Note to the File" indicating that the "Geographic significance" of the Marks was not considered.  Exhibit A at pp. 19-20; Exhibit B at pp. 25-26.

21.     Even after receipt of these Notes, OMC did nothing to inform the Trademark Examining Attorney that its emergency room services were being provided in the City of Oviedo.

### Sworn Statements by Natalie Cline

22.     In April of 2019, OMC's Vice President & Secretary, Natalie Cline, executed sworn declarations in connection with the '385 and '236 Applications.  These declarations were made pursuant to 18 U.S.C. §1001:

> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Exhibit A at p. 29; Exhibit B at p. 35.

23.     Ms. Cline also swore that any factual contentions made in the applications were formed after a reasonable inquiry:

> To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

Exhibit A at p. 29; Exhibit B at p. 35.

24.     Ms. Cline provided a sworn statement that OMC had been using the Marks since at least April of 2014 (i.e. five years immediately before the filing of the applications):

> The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement.

Exhibit A at p. 25; Exhibit B at p. 32.

25.     However, contrary to this statement, to the extent the Marks were being used in April of 2014, such use would have been by Central Florida Regional Hospital, Inc. and not by OMC.

26.     OMC never informed the USPTO of any earlier use of the Marks by Central Florida Regional Hospital, Inc.

27.     Ms. Cline also provided a sworn statement in April of 2019 that OMC was the owner of the Marks:

> The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;

Exhibit A at p. 29; Exhibit B at p. 35.

28.     Contrary to this representation, OMC now asserts that it acquired rights to the OVIEDO ER Word Mark and Logo via a Nunc Pro Tunc Assignment of Intellectual Property Rights that was not executed until August 21, 2019.

29.     Thus, Ms. Client affirmatively represented to the USPTO that OMC owned the Marks four months *before* Central Florida Regional Hospital, Inc. executed a Nunc Pro Tunc Assignment purportedly transferring rights in the Marks to OMC.

30.     OMC never informed the USPTO of Central Florida Regional Hospital, Inc.'s ownership of the Marks.

31.     OMC never informed the USPTO of its supposed acquisition of the Marks from Central Florida Regional Hospital, Inc.

32.     OMC never informed the USPTO of the Nunc Pro Tunc Assignment of Intellectual Property Rights that was executed on August 21, 2019.

33.     Ms. Cline provided an additional sworn statement that she was not aware of any other entity having rights to the Marks:

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

Exhibit A at p. 29; Exhibit B at p. at p. 35.

34.     Yet, at least as early as December 6, 2018, OMC was aware of the planned use of the mark ADVENTHEALTH OVIEDO ER by AdventHealth.

35.     At least as early as December 6, 2018, OMC was also aware of AdventHealth's assertion that the OVIEDO ER mark was unprotectable because it  was descriptive of any emergency room located in Oviedo, Florida.

36.     Despite this, OMC never informed the USPTO of AdventHealth's planned use of the mark or of its assertion that OVIEDO ER mark was descriptive.

37.     The '385 Application was registered on October 15, 2019, as U.S. Reg. No. 5,884,168.

38.     The '236 Application was registered on October 15, 2019, as U.S. Reg. No. 5,884,339.

### <u>The OMC Marks Lack Secondary Meaning</u>

39.     As of August 19, 2017, OMC's website (www.oviedomedicalcenter.com) did not include the OVIEDO ER word mark.

40.     As of this filing, the landing page of OMC's website (www.oviedomedicalcenter.com) does not include the OVIEDO ER word mark.

41.     As of August 19, 2017, OMC's website (www.oviedomedicalcenter.com) did not include the OVIEDO ER Logo.

42.     As of this filing, the landing page of OMC's website (www.oviedomedicalcenter.com) does not include the OVIEDO ER Logo.

43.     The following is an accurate depiction of the current signage leading into OMC's facility.



44.     The signage referenced above in Paragraph 43 makes no reference to the OVIEDO ER Work Mark or the OVIEDO ER Logo.

45.     The following is an accurate depiction of the top portion of OMC's current Facebook page.



46.     The Facebook page referenced above in Paragraph 45 makes no reference to the OVIEDO ER Word Mark or the OVIEDO ER Logo.

<u>COUNT I</u>
**Petition to Cancel U.S. Trademark Registration No. 5,884,168**

47.     AdventHealth re-alleges and incorporates by reference the general allegations in Paragraphs 1 through 46 of this Counterclaim.

48.     AdventHealth seeks to cancel U.S. Trademark Reg. 5,884,168 (the "168 Registration) for the Oviedo ER Word Mark.

49.     OMC's Amended Complaint alleges that AdventHealth is infringing upon the '168 Registration.

50.     The '168 Registration must be canceled because "Oviedo ER" is a generic term for an emergency room located in the City of Oviedo.

51.     At a minimum, "OVIEDO ER" is descriptive and lacks secondary meaning.

52.     The '168 Registration must be canceled because OMC failed to disclose to the USPTO the geographic significance of Oviedo.

53.     The '168 Registration must be canceled because OMC failed to disclose to the USPTO that it had not used the mark in the five years preceding the filing date of its trademark application.

54.     The '168 Registration must be canceled because as of the filing date of the trademark application,  OMC was not the owner of the OVIEDO ER Word Mark.

55.     The '168 Registration must be canceled because, to the extent "Oviedo ER" is descriptive, OMC has not advertised the mark widely enough for it to have acquired secondary meaning.

56.     The '168 Registration must be canceled due to various misrepresentations made by OMC to the USPTO in connection with its trademark application.

WHEREFORE, AdventHealth respectfully petitions this Court to cancel OMC's Registration No. 5,884,168.

## **COUNT II**
### **Petition to Cancel U.S. Trademark Registration No. 5,884,339**

57.     AdventHealth re-alleges and incorporates by reference the general allegations in Paragraphs 1 through 46 of this Counterclaim.

58.     AdventHealth seeks to cancel U.S. Trademark Reg. 5,884,339 (the "339 Registration") for the Oviedo ER Logo.

59. OMC's Amended Complaint alleges that AdventHealth is infringing upon the '339 Registration.

60. The '339 Registration must be canceled because "Oviedo ER" is a generic term for an emergency room located in the City of Oviedo.

61. At a minimum, the OVIEDO ER Logo is descriptive and lacks secondary meaning.

62. The '339 Registration must be canceled because OMC failed to disclose to the USPTO the geographic significance of Oviedo.

63. The '339 Registration must be canceled because OMC failed to disclose to the USPTO that it had not used the mark in the five years preceding the filing date of its trademark application.

64. The '339 Registration must be canceled because as of the filing date of the trademark application, OMC was not the owner of the OVIEDO ER Logo.

65. The '339 Registration must be canceled because OMC has not advertised the OVIEDO ER Logo widely enough for it to have acquired secondary meaning.

66. The '339 Registration must be canceled due to various misrepresentations made by OMC to the USPTO in connection with its trademark application.

WHEREFORE, AdventHealth respectfully petitions this Court to cancel OMC's Registration No. 5,884,339.

Respectfully submitted this 9th day of April, 2020,

 /s/ Mayanne Downs
Mayanne Downs
Florida Bar No. 754900
Primary: mayanne.downs@gray-robinson.com

Secondary: kathy.savage@gray-robinson.com
Michael J. Colitz, III
Florida Bar No. 164348
Primary: michael.colitz@gray-robinson.com
Secondary: jessica.gonzalez@gray-robinson.com
Jason Zimmerman
Florida Bar No. 104392
Primary: jason.zimmerman@gray-robinson.com
Secondary: cindi.garner@gray-robinson.com
**GrayRobinson, P.A.**
301 E. Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorneys for Defendant,*
*ADVENTIST HEALTH SYSTEM/SUNBELT, INC.*
*D/B/A ADVENTHEALTH OVIEDO ER*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing

was filed through the CM/ECF system which will serve an electronic copy on:

*Counsel for Plaintiff, Oviedo Medical Center LLC:*

| | |
|---|---|
| Martin B. Goldberg, Esq. | Dennis D. Murrell |
| Emily L. Pincow, Esq. | Elisabeth S. Gray |
| Lash & Goldberg, LLP | Brian McGraw |
| Miami Tower | Middleton Reutlinger |
| 100 SE 2nd Street, Suite 1200 | 401 S. Fourth Street, Suite 2600 |
| Miami, Florida  33131-2158 | Louisville, Kentucky  40202 |
| mgoldberg@lashgoldberg.com | dmurrell@middletonlaw.com |
| epincow@lashgoldberg.com | egray@middletonlaw.com |
| | bmcgraw@middletonlaw.com |

  /s/ Mayanne Downs
Mayanne Downs
Florida Bar No. 754900

24