UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC,

        Plaintiff,

v.                                                      Case No:  6:19-cv-1711-Orl-78EJK

ADVENTIS HEALTH
SYSTEM/SUNBELT, INC.,

        Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 53), Defendant's Response in Opposition (Doc. 54), and Plaintiff's Reply (Doc. 60).[1] For the following reasons, the Renewed Motion will be denied.

**I.     BACKGROUND**

Plaintiff owns and operates a twenty-two bed emergency department in connection with the operation of its acute care hospital. (Doc. 46, ¶ 2). Plaintiff uses the name Oviedo ER to designate the emergency department. (*Id.*). The facility originally opened as a freestanding emergency services facility in 2013. (*Id.* ¶ 11). Oviedo ER has been used to designate the emergency services provided by Plaintiff and its predecessor since the facility's opening. (*Id.* ¶¶ 11–13, 15–16, 20).

---

[1] On April 13, 2020, Plaintiff filed a Notice of Supplemental Evidence of Confusion (Doc. 66), which Defendant moved to strike. (*See* Doc. 67). However, Plaintiff's supplemental evidence of confusion does not bear on any issue before this Court. Accordingly, the supplemental evidence will not be considered and the Motion to Strike will be denied as moot.

In the fall of 2018, Defendant sent invitations announcing a new freestanding emergency facility, located less than one mile from Plaintiff's current facility, operating under the name AdventHealth Oviedo ER. (*Id.* ¶¶ 46–48). After viewing the announcement, Plaintiff sent three letters to Defendant asserting its rights to the Oviedo ER mark. (*Id.* ¶¶ 57–63). Thereafter, just prior to Defendant's scheduled opening, Plaintiff filed a motion to enjoin Defendant from using Oviedo ER in its name. (Doc. 23). On October 15, 2019, this Court denied the motion, (*see* Doc. 40), and Defendant opened its facility as planned on October 17, 2019, (Doc. 46, ¶ 71). On January 3, 2020, Plaintiff filed the Renewed Motion, which the Court construes as a motion for reconsideration of the October 15, 2019 Order, again seeking a preliminary injunction prohibiting Defendant from use of the Oviedo ER mark in its name. (*See generally* Doc. 53).

## II.   LEGAL STANDARD[2]

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of

---

[2] Plaintiff urges this Court to ignore the more stringent standard applied to reconsideration motions in favor of the traditional preliminary injunction standard. However, the prior motion was not denied without prejudice, and there has not been a significant change in the requested relief. Rather, Plaintiff has come forward with new evidence in an attempt to alter this Court's prior determination on the merits of its motion seeking identical relief. This is the quintessential request for reconsideration, and this Court will require Plaintiff to make the heightened showing accordingly.

an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

## III.   DISCUSSION

Plaintiff argues that since Defendant's facility opened in October 2019, there have been numerous instances of actual confusion by patients, vendors, emergency services personnel, and even Defendant's employees, to name a few. What Plaintiff fails to argue, however, is how this new evidence of actual confusion warrants reconsideration of the October 15, 2019 Order. Importantly, this Court found in Plaintiff's favor on the issue of the likelihood of confusion. (Doc. 40 at 3). Thus, the new evidence does not appear to be related to an issue that Plaintiff actually wants this Court to reconsider.

In denying the first motion, this Court held that Plaintiff was not entitled to preliminary injunctive relief because it unreasonably delayed in seeking such relief.[3] (*Id.*). Insofar as Plaintiff argues that the new evidence of actual confusion is also evidence of a substantial change in circumstances sufficient to warrant restarting the clock on the delay issue, this Court disagrees. There has not been a change in the nature or extent of the alleged infringement. To the contrary, the evidence presented with the Renewed Motion only confirms the precise confusion that this Court found was likely to occur. To the extent that Plaintiff instead argues that the Court erred in finding that delay occurred, Plaintiff's arguments can and should have been raised previously and will not be considered now.

Finally, insofar as Plaintiff argues that the new evidence is somehow evidence of irreparable harm justifying a reversal of the prior Order, Plaintiff's argument misses the mark. At the outset, the majority of the harm noted and argued in Plaintiff's Renewed Motion is harm or potential harm to patients. While certainly distressing, Plaintiff has not cited any authority for the proposition that potential harm to third parties can support a finding of irreparable harm to Plaintiff. *See GOS Operator, LLC v. Sebelius*, No. 12-0035-WS-N, 2012 WL 175056, at *4 n.9 (S.D. Ala. Jan. 20, 2012) (holding that "[p]otential harm to third parties is not properly considered under" the irreparable harm prong); *see also Flowers Indus. v. F.T.C.*, 849 F.2d 551, 552 (11th Cir. 1988) ("One prerequisite to the

---

[3] The Court also notes that Plaintiff has again delayed in seeking relief. Pursuant to Plaintiff's own records, it began documenting instances of actual confusion in the days leading up to Defendant's opening and observed nearly twenty instances of actual confusion in October 2019 alone. (*See generally* Doc. 53-2). Nevertheless, Plaintiff inexplicably waited over two additional months to seek relief, which again weighs against a finding of irreparable harm. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm.").

4

issuance of a preliminary injunction is that *the movant will suffer irreparable injury* without the injunction." (emphasis added)). The only other evidence of harm that Plaintiff has presented, is the potential loss of business revenue from diverted patients.[4] However, the case law is clear that economic harm alone is not enough, *see Snook v. Tr. Co. of Ga. Bank of Savannah*, 909 F.2d 480, 487 (11th Cir. 1990) ("Mere injuries, however substantial, in terms of money, . . . are not enough [to constitute irreparable injury]." (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974))), and Plaintiff has not otherwise argued how the diversion of patients constitutes irreparable harm. Accordingly, Plaintiff has not met its burden to justify a reversal of the October 15, 2019 Order.

To be clear, while there may not be a basis to order injunctive relief, the evidence of actual confusion is more than a little concerning to this Court. The parties operate medical facilities for the benefit of the ill and infirm, which comes with certain moral and ethical responsibilities to the communities that they serve. Nevertheless, in the face of ample evidence that its conduct poses a significant risk to the community, Defendant has elected to point the finger of blame and place the responsibility on Plaintiff, rather than endeavoring to work to mitigate and resolve this dangerous condition of its own making. Given the current pandemic, the Court urges the parties to consider making every effort to quickly and equitably resolve their differences for the sake of their patients, employees, and the community they serve.

---

[4] Although Plaintiff also mentions potential reputational harm in passing, Plaintiff has not presented any new evidence of such harm. Its previous arguments in this regard were considered and rejected in the October 15, 2019 Order. (Doc. 40 at 5–6).

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Renewed Motion for Preliminary Injunction (Doc. 53) is **DENIED** and Defendant's Motion to Strike (Doc. 67) is **DENIED as moot**.

**DONE AND ORDERED** in Orlando, Florida on April 28, 2020.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record