UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC       )
                                     ) Case No.: 6:19-cv-01711-WWB-EJK
           PLAINTIFF,           )
                                     )
v.                                   )
                                   ) (Electronically Filed)
ADVENTIST HEALTH SYSTEM/SUNBELT, )
INC. d/b/a ADVENTHEALTH OVIEDO ER  )
                                   )
          DEFENDANT.         )
_____)

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff, Oviedo Medical Center LLC ("OMC"), by counsel, and for its answer to the Counterclaims filed by Defendant, Adventist Health System/Sunbelt, Inc. d/b/a AdventHealth Oviedo ER ("AdventHealth") [D.E. 65], states as follows:

1.      OMC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Counterclaims and therefore denies same.

2.      OMC admits the allegations of paragraph 2 of the Counterclaims.

3.      OMC admits the allegations of paragraph 3 of the Counterclaims.

4.      OMC admits the allegations of paragraph 4 of the Counterclaims.

5.      OMC admits the allegations of paragraph 5 of the Counterclaims.

6.      OMC admits the allegations of paragraph 6 of the Counterclaims.

7.      OMC admits the allegations of paragraph 7 of the Counterclaims to the extent that AdventHealth responded to OMC's November 16, 2018 letter and that letter speaks for

itself in terms of its content, but OMC otherwise denies the remaining allegations of paragraph 7 of the Counterclaims.

8.      The allegations contained in paragraph 8 of the Counterclaims are in the nature of legal conclusions to which no response is required. To the extent a response is required, OMC denies that there is any prohibition against obtaining a trademark registration for the term OVIEDO ER, whether in word or composite/design form, as alleged in paragraph 8 of the Counterclaims.

9.      OMC admits the allegations of paragraph 9 of the Counterclaims.

10.     OMC denies the allegations of paragraph 10 of the Counterclaims in that AdventHealth misstates the allegations of the Amended Complaint.

11.     The allegations contained in paragraph 11 of the Counterclaims are in the nature of legal conclusions to which no response is required. To the extent a response is required, OMC denies that its claim to ownership of the OVIEDO ER marks is based solely on the *nunc pro tunc* assignment agreement as alleged in paragraph 11 of the Counterclaims.

12.     OMC admits the allegations of paragraph 12 of the Counterclaims.

13.     OMC admits the allegations of paragraph 13 of the Counterclaims.

14.     OMC denies the allegations of paragraph 14 of the Counterclaims in that AdventHealth misstates the language of the declaration submitted in support of the applications for registration of the OVIEDO ER marks, which speaks for itself. OMC admits that the declarations contain the statement that the signatory to the applications "believes that the applicant is the owner of the trademark/service mark sought to be registered."

15.     OMC denies the allegations of paragraph 15 of the Counterclaims in that the OVIEDO ER marks, including the '168 and '339 registrations, are not and were not owned by Central Florida Regional Hospital, Inc. at the time the applications for registration were filed with the U.S. Trademark Office or at any point during the prosecution of the applications.

16.     OMC admits the allegations of paragraph 16 of the Counterclaims to the extent that the address listed for the applicant in the applications for registration of the marks is the address set forth in paragraph 16 of the Counterclaims, which is the official corporate address as contained in the Florida Secretary of State records for OMC. OMC denies the remaining allegations of paragraph 16 of the Counterclaims.

17.     OMC denies the allegations of paragraph 17 of the Counterclaims in that AdventHealth implies that there is a duty on the part of the applicant to disclose the geographic nature of an applied-for term to the Trademark Office and further denies the allegations of paragraph 17 of the Counterclaims to the extent that by virtue of the claim made in the application pursuant to Section 2(f) of the Lanham Act, OMC acknowledged the geographic nature of the word portion of the applied-for-marks to the U.S. Trademark Office.

18.     OMC denies the allegations of paragraph 18 of the Counterclaims in that AdventHealth implies that there is a duty on the part of the applicant to disclose the specific location of the services provided under an applied-for mark and further denies the allegations of paragraph 18 of the Counterclaims in that the prosecution history for the applications shows that the Examiner confirmed that she searched for the applied-for-mark on Google and also searched the applicant's website at <oviedomedicalcenter.com> and expressly confirmed her knowledge that the services provided by the applicant originated in the City of Oviedo, Florida.

19.     OMC denies the allegations of paragraph 19 of the Counterclaims in that AdventHealth implies that there is a duty on the part of the applicant to disclose the geographic significance of an applied-for term to the Trademark Office and further denies the allegations of paragraph 19 of the Counterclaims to the extent that by virtue of the claim made in the application pursuant to Section 2(f) of the Lanham Act, OMC acknowledged the geographic nature of the word portion of the applied-for-marks to the U.S. Trademark Office.

20.     OMC admits the allegations of paragraph 20 of the Counterclaims in that the prosecution history of the applied-for-marks, which speak for themselves, shows that the Examiner did not check the space for "geographic significance" in the note to file. OMC denies the remaining allegations of paragraph 20 of the Counterclaims.

21.     OMC denies the allegations of paragraph 21 of the Counterclaims in that AdventHealth implies that there is a duty on the part of the applicant to disclose the geographic nature of an applied-for term to the Trademark Office and further denies the allegations of paragraph 21 of the Counterclaims to the extent that by virtue of the claim made in the application pursuant to Section 2(f) of the Lanham Act, OMC acknowledged the geographic nature of the word portion of the applied-for-marks to the U.S. Trademark Office.  OMC further denies the allegations of paragraph 21 of the Counterclaims in that the prosecution history of the applied-for-marks confirms that the Examiner considered the geographic nature of the word portion of the marks during the examination process.

22.     OMC admits the allegations of paragraph 22 of the Counterclaims.

23.     OMC admits the allegations of paragraph 23 of the Counterclaims.

24.     OMC admits the allegations of paragraph 24 of the Counterclaims.

25.     OMC admits the allegations of paragraph 25 of the Counterclaims to the extent that any use of the OVIEDO ER marks prior to the existence of OMC, including as of April 2014, was by its predecessor in interest, Central Florida Regional Hospital, Inc., but OMC otherwise denies the remaining allegations of paragraph 25 of the Counterclaims.

26.     OMC denies the allegations of paragraph 26 of the Counterclaims in that OMC declared in its application that "the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/00/2013" and OMC further denies the allegations of paragraph 26 of the Counterclaims to the extent that the allegations imply there is a duty on a trademark applicant to disclose use of the mark by predecessor entities and to otherwise disclose prior owners of the applied-for-mark.

27.     OMC admits the allegations of paragraph 27 of the Counterclaims to the extent that in April of 2019 Ms. Cline executed a declaration in support of the applications for registration of the OVIEDO ER marks and that the language of the declaration, which speaks for itself, is restated within the allegations of paragraph 27, but OMC otherwise denies the remaining allegations of paragraph 27 of the Counterclaims.

28.     OMC denies the allegations of paragraph 28 of the Counterclaims.

29.     OMC admits the allegations of paragraph 29 of the Counterclaims to the extent that Ms. Cline's declaration submitted in support of the applications for registration of the OVIEDO ER marks was submitted four months before execution of the *nunc pro tunc* assignment agreement, but OMC otherwise denies the remaining allegations of paragraph 29 of the Counterclaims in that it is implies that OMC's ownership of rights to the OVIEDO ER marks is based solely on the *nunc pro tunc* assignment agreement.

30. OMC admits the allegations of paragraph 30 of the Counterclaims in that it never disclosed to the Trademark Office any use of the marks by specific predecessor entities but did affirm that prior use of the mark in commerce was "by the applicant or the applicant's related company or licensee or predecessor in interest" and OMC further denies that there is any duty or obligation for a trademark applicant to disclose use of the mark by predecessor entities or to otherwise disclose prior owners of the applied-for-mark.

31. OMC admits the allegations of paragraph 31 of the Counterclaims in that it never disclosed to the Trademark Office the fact that OMC acquired rights to the OVIEDO ER marks from Central Florida Regional Hospital, Inc., but OMC otherwise denies that it was under any obligation to do so and otherwise denies the remaining allegations of paragraph 31 of the Counterclaims.

32. OMC admits the allegations of paragraph 32 of the Counterclaims in that it did not disclose to the Trademark Office the *nunc pro tunc* assignment agreement in connection with its applications for the OVIEDO ER marks, but OMC otherwise denies that it was under any duty or obligation to do so.

33. OMC admits the allegations of paragraph 33 of the Counterclaims.

34. OMC admits the allegations of paragraph 34 of the Counterclaims in that OMC was aware of AdventHealth's planned infringing use of the term "Oviedo ER", but OMC otherwise denies the implication that AdventHealth has any legal right to the OVIEDO ER marks as alleged in paragraph 34 of the Counterclaims.

35. OMC admits the allegations of paragraph 35 of the Counterclaims in that it was aware of legal arguments made by counsel for AdventHealth at that time of filing the

applications, but OMC otherwise denies the remaining allegations of paragraph 35 of the Counterclaims.

36.     OMC admits the allegations of paragraph 36 of the Counterclaims to the extent that OMC did not inform the Trademark Office of AdventHealth's planned infringing use of the term "Oviedo ER" or of AdventHealth's legal arguments when it filed its trademark applications, but OMC denies that it would have any duty or obligation to disclose such use to the Trademark Office, and OMC otherwise denies the remaining allegations of paragraph 36 of the Counterclaims.

37.     OMC admits the allegations of paragraph 37 of the Counterclaims.

38.     OMC admits the allegations of paragraph 38 of the Counterclaims.

39.     OMC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of whether the OVIEDO ER word mark appeared on the OMC website on August 19, 2017 and therefore denies the allegations of paragraph 39 of the Counterclaims.

40.     OMC admits the allegations of paragraph 40 of the Counterclaims to the extent that the OVIEDO ER marks did not appear on the "landing page" of the OMC website, as OMC understands the definition of that term, on the date AdventHealth filed its Counterclaims.

41.     OMC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of whether the OVIEDO ER logo appeared on the OMC website on August 19, 2017 and therefore denies the allegations of paragraph 41 of the Counterclaims.

42.     OMC admits the allegations of paragraph 42 of the Counterclaims to the extent that the OVIEDO ER logo did not appear on the "landing page" of the OMC website, as OMC understands the definition of that term, on the date AdventHealth filed its Counterclaims.

43.     OMC admits the allegations of paragraph 43 of the Counterclaims to the extent the photograph depicted within the paragraph accurately depicts a single sign leading into OMC's facility from Red Bug Lake Road, but OMC otherwise denies the allegations of paragraph 43 of the Counterclaims and states that there is and has been other signage for the facility which uses the OVIEDO ER marks.

44.     OMC admits the allegations of paragraph 44 of the Counterclaims.

45.     OMC admits the allegations of paragraph 45 of the Counterclaims in that the photograph depicted in paragraph 45 shows an accurate depiction of a portion of OMC's Facebook page at or near the time of the filing of the Counterclaims.

46.     OMC admits the allegations of paragraph 46 of the Counterclaims in that the photograph depicted in paragraph 45 does not contain either the OVIEDO ER Word Mark or the OVIEDO ER Logo but otherwise denies the remaining allegations of paragraph 46 of the Counterclaims and states that there are uses of the OVIEDO ER marks other than on OMC's Facebook page.

## COUNT I
### Petition to Cancel U.S. Trademark Registration No. 5,884,168

47.     OMC states that paragraph 47 of the Counterclaims is nothing more than a transitional phrase which reflects the same type of shotgun pleading previously objected to by Defendant and rejected by the Court and, therefore, no response is required by OMC.

48.     OMC admits the allegations of paragraph 48 of the Counterclaims in that AdventHealth is seeking to cancel the '168 Registration through the present filing but OMC otherwise denies that AdventHealth's petition has legal merit.

49.     OMC admits the allegations or paragraph 49 of the Counterclaims.

50.     The allegations contained in paragraph 50 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 50 of the Counterclaims.

51.     The allegations contained in paragraph 51 of the Counterclaims are in the nature of legal conclusions to which no response is required. To the extent a response is required, OMC denies the allegations contained in paragraph 51 of the Counterclaims.

52.     The allegations contained in paragraph 52 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 52 of the Counterclaims.

53.     The allegations contained in paragraph 53 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 53 of the Counterclaims.

54.     The allegations contained in paragraph 54 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 54 of the Counterclaims.

55.     The allegations contained in paragraph 55 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 55 of the Counterclaims.

56.     The allegations contained in paragraph 56 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 56 of the Counterclaims.

## COUNT II
### Petition to Cancel U.S. Trademark Registration No. 5,884,339

57.     OMC states that paragraph 57 of the Counterclaims is nothing more than a transitional phrase which reflects the same type of shotgun pleading previously objected to by Defendant and rejected by the Court and, therefore, no response is required by OMC.

58.     OMC admits the allegations of paragraph 58 of the Counterclaims in that AdventHealth is seeking to cancel the '339 Registration through the present filing but OMC otherwise denies that AdventHealth's petition has legal merit.

59.     OMC admits the allegations of paragraph 59 of the Counterclaims.

60.     The allegations contained in paragraph 60 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 60 of the Counterclaims.

61.     The allegations contained in paragraph 61 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 61 of the Counterclaims.

62.     The allegations contained in paragraph 62 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 62 of the Counterclaims.

63.     The allegations contained in paragraph 63 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 63 of the Counterclaims.

64.     The allegations contained in paragraph 64 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 64 of the Counterclaims

65.     The allegations contained in paragraph 65 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 65 of the Counterclaims.

66.     The allegations contained in paragraph 66 of the Counterclaims are in the nature of legal conclusions to which no response is required.  To the extent a response is required, OMC denies the allegations contained in paragraph 66 of the Counterclaims.

67.     OMC denies that AdventHealth is entitled to the relief requested in its Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

OMC states that the Counterclaims fails to state claims for which relief may be granted.

### SECOND DEFENSE

OMC states that AdventHealth will suffer no damage upon the continued registration of OMC's marks and, therefore, lacks standing to bring the Counterclaims.

## THIRD DEFENSE

OMC relies upon all defenses available under the Lanham Act, 15 U.S.C. § 1051 *et seq*. as a complete or partial defense to the claims asserted by AdventHealth.

## FOURTH DEFENSE

OMC reserves the right to assert additional affirmative defenses in the event discovery reveals the existence of such defenses.

Dated: April 30, 2020   Respectfully submitted,

         *Martin B. Goldberg*
         Martin B. Goldberg (Trial Counsel)
         Emily L. Pincow
         LASH & GOLDBERG, LLP
         Miami Tower
         100 SE 2nd Street, Suite 1200
         Miami, FL 33131-2158
         Phone: (305) 347-4040
         Fax: (305) 347-4050
         mgoldberg@lashgoldberg.com
         epincow@lashgoldberg.com

         -and-

         Dennis D. Murrell (Trial Counsel)*
         Elisabeth S. Gray*
         Brian P. McGraw*
         MIDDLETON REUTLINGER
         401 S. Fourth St., Suite 2600
         Louisville, Kentucky 40202
         Telephone: (502) 584-1135
         Facsimile: (502) 561-0442
         Email: DMurrell@middletonlaw.com
         Email: BMcgraw@middletonlaw.com

         *\* pro hac vice*
         **Counsel for Plaintiff Oviedo Medical Medical Center, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 30, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification to counsel of record:

*/s/Martin B. Goldberg*
Martin B. Goldberg
Emily L. Pincow
