UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| OVIEDO MEDICAL CENTER, LLC )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ADVENTIST HEALTH SYSTEM/SUNBELT, )<br>INC. d/b/a ADVENTHEALTH OVIEDO ER )<br>)<br>DEFENDANT. )<br>_____) | Case No.: 6:19-cv-01711-WWB-EJK<br><br>(Electronically Filed) |

**PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT CONFERENCE WITH UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Oviedo Medical Center, LLC ("Plaintiff"), by counsel, files this Motion for Settlement Conference with United States Magistrate Judge Embry J. Kidd or another Magistrate Judge that this Court may assign (the "Motion"), requesting this Court appoint the Magistrate Judge to hold a settlement conference between Plaintiff and Advent Health System/Sunbelt, Inc. d/b/a/ AdventHealth Oviedo ER ("Defendant").

1. In its April 28, 2020, Order (the "Order") this Court directed the parties to make every effort to quickly and equitably resolve this matter for the sake of the patients, employees and community that the parties serve. (Doc. 69 at 5).

2. Plaintiff has since made efforts to comply with the Order and engage Defendant to resolve its differences. Defendant has not meaningfully responded. As a result, Plaintiff informed Defendant that it intended to file this Motion and thereafter engaged in a meet and confer process noted below.

3. Even if this Motion or the concurrent meet and confer process were to elicit a

1

substantive response from Defendant, Plaintiff believes it is necessary due to the exigencies and seriousness of the claims and evidence presented to date in this proceeding to bring both parties before the Magistrate Judge for a settlement conference. Plaintiff submits that the Magistrate Judge will be immensely helpful to engage the parties in an analysis of the record to date, the applicable law and equitable and financial exposure at issue, all to assist the parties to comply with the Court's directive. Plaintiff is also amenable to any form of virtual or remote settlement conference involving the Magistrate Judge.

4. Local Rule 6.01(a) authorizes the magistrate judges of this district "to perform any and all additional duties" that are "assigned to them" by this Court, pursuant to 28 U.S.C. § 636(b). Local Rule 6.01(b) provides that this Court may assign such tasks to a magistrate judge through written order or oral decree.

5. This Court frequently assigns a magistrate judge to conduct a settlement conference between the parties. *See, e.g., Monfiston v. Wetterer*, 2:15-CV-662-FTM-38-MRM, 2020 WL 1476183, at *8 (M.D. Fla. Mar. 25, 2020) (assigning a magistrate judge to conduct a settlement conference); *Whipple v. Johnson*, 3:16-CV-936-J-34MCR, 2018 WL 4146134, at *11 (M.D. Fla. Aug. 30, 2018) (same); *Walker v. Mock*, 3:15-CV-210-J-32JRK, 2017 WL 2911584, at *5 (M.D. Fla. July 7, 2017) (same).

6. In fact, it is within a Court's inherent authority to order the parties before it "to participate in a settlement conference to be conducted by [a] magistrate judge[,]" and attendance at such conference "is not optional[.]" *Davis v. U.S. Bank Nat. Ass'n*, 1:11-CV-254-MP-GRJ, 2011 WL 6217098, at *1 (N.D. Fla. Dec. 13, 2011) (noting that consent from both parties is not needed before requiring both parties to participate in a settlement conference

before a magistrate judge) (citation omitted).

7. Accordingly, Plaintiff respectfully requests that this Court enter an order directing the parties to participate in a settlement conference before the Magistrate Judge, and any other relief the Court deems just and appropriate.

## **LOCAL RULE 3.01(g) CERTIFICATION**

After advising Defendant of Plaintiff's desire to file this Motion, on May 22, 2020, pursuant to Local Rule 3.01(g), counsel for the Plaintiff, Mr. Martin Goldberg and Ms. Emily Pincow, conferred with counsel for Defendant and certifies that Defendant's counsel Mr. Michael Colitz stated that Defendant did not oppose the Motion, and then further requested that the motion be submitted as a joint motion.  Plaintiff did not agree to this request given the circumstances that led to the need for both this Motion and the 3.01(g) conference within which Mr. Colitz's request for a joint submission was made.

Dated: May, 22 2020

Respectfully submitted,

*Martin B. Goldberg*
Martin B. Goldberg (Trial Counsel)
Emily L. Pincow
LASH & GOLDBERG, LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL  33131-2158
Phone: (305) 347-4040
Fax: (305) 347-4050
mgoldberg@lashgoldberg.com
epincow@lashgoldberg.com

-and-

Dennis D. Murrell (Trial Counsel)*
Elisabeth S. Gray*

Brian P. McGraw*
MIDDLETON REUTLINGER
401 S. Fourth St., Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Facsimile: (502) 561-0442
Email: DMurrell@middletonlaw.com
Email: BMcgraw@middletonlaw.com

*pro hac vice*
**Counsel for Plaintiff Oviedo Medical
Medical Center, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification to counsel of record:

*/s/Martin B. Goldberg*
Martin B. Goldberg