UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| OVIEDO MEDICAL CENTER, LLCPLAINTIFF,v.ADVENTIST HEALTH SYSTEM/SUNBELT, INC. d/b/a ADVENTHEALTH OVIEDO ERDEFENDANT. | Case No.: 6:19-cv-01711-Orl-78EJK(Electronically Filed) |

**PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT CONFERENCE WITH UNITED STATES MAGISTRATE JUDGE HOFFMAN TO BE HELD REMOTELY**

Pursuant to Local Rule 9 and the Order Concerning Jury Trials and Other Proceedings in *In re Coronavirus Public Emergency*, No. 6:20-mc-17-RBD (M.D. Fla.), Oviedo Medical Center, LLC ("Plaintiff"), by and through the undersigned counsel, respectfully, and unopposed, moves this Court for an order permitting the settlement conference between Plaintiff and Advent Health System/Sunbelt, Inc. d/b/a/ AdventHealth Oviedo ER ("Defendant"), to be held remotely. In support, Plaintiff states as follows:

**INTRODUCTION**

1. In its May 27, 2020 Order the Court referred this matter to United States Magistrate Judge Leslie R. Hoffman to conduct a settlement conference. (Doc. 73).

2. United States Magistrate Judge Leslie R. Hoffman, thereafter, ordered that a settlement conference attended by the representatives of each party with full authority to negotiate a settlement take place on July 30, 2020, in Courtroom 5D of the United States District Court in Orlando, Florida. (Doc. 74).

1

3. Plaintiff and its counsel have concerns about the threat that traveling to Orlando, Florida, and having an in-person conference poses to their health as well as the health of others participating in the settlement conference. Accordingly, Plaintiff respectfully requests that the settlement conference instead be held remotely.

## ARGUMENT

4. As a result of the COVID-19 outbreak, a national emergency was declared under the National Emergencies Act, 50 U.S.C. §§ 1601-1651, on March 13, 2020.

5. A week later the U.S. District Court for the Middle District of Florida (Orlando Division) entered an Order Concerning Jury Trial and Other Proceedings ("Order") to "protect public health, reduce the size of public gathering, and prevent unnecessary travel." A copy of the Order is attached as **Exhibit A**.

6. The Order, among other things, provides that: "[i]ndividual judges will continue to conduct hearings, conferences, and bench trials in the exercise of discretion, consistent with this Order," and "[j]udges are strongly encouraged to conduct court proceedings by telephone or videoconference where practicable." *Id*. ¶¶ 6-7.

7. Unlike states that reached their peaks in early-May 2020, Florida continues to see a rise in the number of reported cases, which have steadily increased since June 3, 2020. *See* Michelle Marchante, *Florida coronavirus death toll hits 3,000 as state cases rise to 82,719*, Miami Herald, June 17, 2020, a copy of which is attached as **Exhibit B**. Florida reported a total of confirmed cases on June 16, 2020 of 2,783. *Id*. That was the fourth time in six days it has reported a daily record, as of that date. *Id*. Further, recently, on June 22, 2020, Florida reported 2,926 new infections of COVID-19, bringing the state's total to 100,217 confirmed

cases. *See* Michelle Marchante, *Florida hits 100,000 mark as state confirms another 2,926 daily coronavirus cases,* Miami Herald, June 22, 2020, a copy of which is attached as **Exhibit C**.

8. In-house counsel for Plaintiff, who desires to attend the settlement conference pursuant to Rule 9.05(c), resides out of state, specifically in Nashville, Tennessee.

9. Outside counsel for Plaintiff likewise resides outside of this District. Undersigned counsel of the law firm Lash & Goldberg LLP resides in Ft. Lauderdale, Florida. Dennis D. Murrell of the law firm Middleton Reutlinger resides in Louisville, Kentucky.

10. Given that in-person attendance of the settlement conference on July 30, 2020 would require travel by plane for certain of the above-mentioned attendees, and that an in-person settlement conference poses health risks separate and apart from travel, Plaintiff requests the settlement conference instead be held remotely on a platform such as Zoom. If acceptable, Plaintiff could make the arrangements for the Court and Defendant.

11. Nothing about a virtual settlement conference inherently deprives either party of any opportunities that an in-person interaction offers. Magistrate Judge Hoffman still will confer with both parties about their settlement positions.

12. Accordingly, Plaintiff requests that the Court exercise its discretion and allow the parties to participate in the settlement conference remotely.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order permitting the settlement conference to be held remotely and awarding Plaintiff any and all further relief that it deems just and appropriate.

**LOCAL RULE 3.01(g) CERTIFICATION**

After advising Defendant of Plaintiff's desire to file this Motion, on June 24, 2020, pursuant to Local Rule 3.01(g), counsel for the Plaintiff, Mr. Martin Goldberg, conferred with counsel for Defendant and certifies that Defendant's counsel Mr. Michael Colitz stated that Defendant did not oppose the Motion.

Dated: June, 25 2020

Respectfully submitted,

*Martin B. Goldberg*
Martin B. Goldberg (Trial Counsel)
Emily L. Pincow
LASH & GOLDBERG, LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL 33131-2158
Phone: (305) 347-4040
Fax: (305) 347-4050
mgoldberg@lashgoldberg.com
epincow@lashgoldberg.com

-and-

Dennis D. Murrell (Trial Counsel)*
Elisabeth S. Gray*
Brian P. McGraw*
MIDDLETON REUTLINGER
401 S. Fourth St., Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Facsimile: (502) 561-0442
Email: DMurrell@middletonlaw.com
Email: BMcgraw@middletonlaw.com

*\* pro hac vice*
**Counsel for Plaintiff Oviedo Medical Medical Center, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notification to counsel of record:

*/s/Martin B. Goldberg*
Martin B. Goldberg
