UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| OVIEDO MEDICAL CENTER, LLC | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 6:19-cv-01711-WWB-EJK |
| ADVENTIST HEALTH SYSTEM/SUNBELT, | ) |
| INC. d/b/a ADVENTHEALTH OVIEDO ER | ) |
| | ) |
|     DEFENDANT. | ) |
| | ) |

**PLAINTIFF'S UNOPPOSED MOTION TO MODIFY INTERIM DATES IN THE SCHEDULING ORDER**

Plaintiff Oviedo Medical Center, LLC ("OMC"), pursuant to Rules 6 and 16 of the Federal Rules of Civil Procedure, respectfully moves for an extension of certain interim deadlines set forth in the Court's Case Management and Scheduling Order [D.E. 50], as proposed below. Specifically, Plaintiff seeks a 30-day extension of the parties' respective expert disclosure deadlines to avoid prejudice to Plaintiff in light of Defendant's discovery gamesmanship and dilatory production of financial documents that need to be analyzed by Plaintiff's expert to calculate damages. As a result of the requested extension of the expert disclosure deadlines, Plaintiff further requests corresponding extensions of similar lengths to other affected deadlines, including the discovery deadline and dispositive motion/Daubert motion deadlines. No other deadlines, including any pre-trial or trial deadlines as set forth in the Court's Scheduling Order will be affected by these extensions. In support of this Motion, Plaintiffs state:

    1.    This trademark case arose from Defendant's decision to open a free-

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Case No.: 6:19-cv-01711-WWB-EJK

standing emergency room named "AdventHealth Oviedo ER," on the same road, less than a mile away from Plaintiff's facility, infringing on Plaintiff's registered trademark ("OVIEDO ER"). Plaintiff seeks, among other relief, monetary damages under the Lanham Act and disgorgement of Defendant's profits.

2. "A district court has broad discretion to construe its own pretrial orders and [the Eleventh Circuit] afford[s] substantial deference to a trial court's decision to allow (or disallow) amendments to pretrial orders." *Transamerica Leasing, Inc. v. Inst. Of London Underwriters*, 430 F.3d 1326, 1334 (11th Cir. 2005) (citing *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1323 (11th Cir. 2004)); *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001) (noting that the Eleventh Circuit "accord[s] district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (citing cases).

3. Rule 16 of the Federal Rules of Civil Procedure provides that a district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In order to establish good cause, the movant must establish that the scheduling deadline could not have been met despite diligent efforts to do so. *See Am. Registry, LLC v. Hanaw,* No. 2:13-CV-352-FTM-29CM, 2014 WL 1478788, at *1 (M.D. Fla. Apr. 15, 2014) (granting an extension of all deadlines upon balancing the parties' interest in potentially avoiding any undue burden and expense of discovery with the goals of expedient and just resolution of cases expressed by the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules).

4. Plaintiff has been diligently pursuing discovery, for example, propounding

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

multiple rounds of written discovery, entering into a formal ESI agreement, agreeing with Defendant with respect to custodians and ESI search terms (which are currently under final stages of review for production), conducting multiple meet and confers on a number of discovery disputes, and producing hundreds of non-ESI responsive documents. Plaintiff served its requests for production seeking Defendant's financial records relevant to damages on November 13, 2019.

5. Defendant initially objected to producing any financial documents, baldly asserting that such documents lacked proportionality. *See* Dec. 23, 2019 Defendant's Initial Responses (Ex. A) at Request Nos. 12-15. After a series of written and telephonic meet and confer efforts starting with a January 28, 2020 letter and a February 3, 2020 telephone conference, Defendant agreed to amend its responses. Defendant finally did so on July 3, 2020.[1] While Defendant's supplemental responses corrected numerous unfounded boilerplate objections to many requests, it failed to amend its meritless objections to Plaintiff's requests for financial documents, maintaining its conclusory objections of proportionality, privilege, and "sensitive" information. *See* July 3, 2020 Defendant's Supplemental Response (Ex. B) at Request Nos. 12-15; July 14, 2020 Letter Regarding Further Discovery Deficiencies (Ex. C). The parties again met and conferred on July 15, 2020, and at that time, Defendant agreed to produce, at least to start, financials kept in the ordinary course, including balance sheets, incomes statements, and general ledger. *See* July 14, 2020 Letter (Ex. C); July 16, 2020 Email Correspondence (Ex. D).

---

[1] The delay between the parties' meet and confer and Defendant's supplemental responses was, Defendant represented, the result of the COVID-19 pandemic.

3

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Case No.: 6:19-cv-01711-WWB-EJK

6. More than a month later, on August 21, 2020, Defendant produced a single-page income and expense summary, limited to a six-month period, without any supporting financial records. For example, it stated "Net Revenue," but not "Gross Revenue," and without any detail or explanation. Plaintiff once again objected to this production of financial documents as wholly deficient and contrary to what the parties agreed to during their meet and confer. *See* August 23, 2020 Email Correspondence (Ex. E).

7. On August 26, 2020, with less than six weeks left until Plaintiff's expert disclosure deadline, Defendant once again supplemented its discovery responses, now, for the first time, indicating that the majority of the financial documents requested simply do not exist at the facility (or even regional) level, a representation that, to whatever extent true, Defendant should have disclosed in the first instance. *See* August 26, 2020 Supplemental Responses to First Request for Production (Ex. F) at Request Nos. 12, 14, 15. At that time, Defendant also produced just two additional financial documents, one of which was an Excel spreadsheet riddled with error messages, rendering it indecipherable. The second is a ledger which appears to include only expenses but no revenue line items.

8. The parties met and conferred yet again on August 27, 2020. Defendant insisted that financial data for its free-standing emergency facility are "rolled up" with data from other facilities at a regional or national level and are not tracked at a facility level, that Defendant attempted to extract facility level information into the three documents it had produced and that it would not produce inclusive documents including data from other facilities. Plaintiff, of course, has no way to validate the information

4

Defendant has chosen to extract against records maintained in the ordinary course of business and must now pursue additional discovery.

9.   The financial information sought by Plaintiff is necessary for Plaintiff's expert to determine damages, including disgorgement of Defendant's profits as a result of Defendant's infringement. Plaintiff is filing a short form motion to compel in accord with the Court's standing order contemporaneous with this motion, because notwithstanding Defendant's representation, it is not plausible that a sophisticated healthcare entity has no additional records responsive to the requests as propounded. Nonetheless, Plaintiff's expert needs time to analyze the documents produced and, given Defendant's belated representation that the documents Plaintiff initially requested do not exist, to identify and to request alternative documents that do, in fact, exist, prior to issuing an expert report. As a result, Plaintiff requests an additional thirty (30) days to prepare its expert report to avoid prejudice as a result of Defendant's delay.

10.   The extended deadlines are proposed below, along with the current deadlines as set forth in the Court's Case Management and Scheduling Order [D.E. 50]:

| Deadline | Current Date | Proposed Extended Date |
| --- | --- | --- |
| Disclosure of Experts | Plaintiff: October 6, 2020<br><br>Defendant: November 6, 2020 | Plaintiff: November 6, 2020<br><br>Defendant: December 7, 2020 |
| Discovery Deadline | December 4, 2020 | January 8, 2021 |
| Dispositive Motions, and *Daubert* Motions | January 5, 2021 | February 8, 2021 |
| Motions in *limine* | April 1, 2021 | *Unchanged, along with all subsequent deadlines.* |

5

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI  100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE  2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA  142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Case No.: 6:19-cv-01711-WWB-EJK

11. Importantly, none of the pre-trial or trial deadlines will be affected if these three discovery deadlines are extended by approximately thirty days.

12. This motion to modify these discovery dates is made in a timely fashion, in good faith and not for purposes of delay. At bottom, Plaintiff will be prejudiced under the current schedule with its expert disclosure less than six weeks away, after receiving Defendant's financial documents (albeit, still incomplete and purportedly not maintained in the ordinary course of business) so belatedly, despite repeated and continued efforts by Plaintiff to obtain such information for its expert.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting an extension of the Case Management and Scheduling Order [D.E. 50], specifically extending the expert disclosure deadlines by thirty days, along with corresponding extensions of the ensuing discovery and dispositive motion/Daubert deadlines, together with such other, different, and further relief this Court deems just and proper.

### RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned conferred with counsel for the Defendant via telephone and email correspondence on August 27, 2020 in good faith to resolve this issue. Defendant objects to the stated basis for this motion, but offered to join the request for same relief based on alternative grounds, which was unacceptable to Plaintiff.

Dated: August 28, 2020

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Case No.: 6:19-cv-01711-WWB-EJK

Respectfully submitted,

*/s/ Greg J. Weintraub*
Martin B. Goldberg
Greg J. Weintraub
Emily L. Pincow
LASH & GOLDBERG, LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL 33131-2158
Phone: (305) 347-4040
Fax: (305) 347-4050
mgoldberg@lashgoldberg.com
gweintraub@lashgoldberg.com
epincow@lashgoldberg.com

and

Dennis D. Murrell*
Elisabeth S. Gray*
Brian McGraw*
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
Phone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
egray@middletonlaw.com
bmcgraw@middletonlaw.com

*pro hac vice*

**Counsel for Plaintiff Oviedo Medical Medical Center, LLC**

7

Lash & Goldberg LLP — LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Case No.: 6:19-cv-01711-WWB-EJK

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification to counsel of record:

*/s/Greg J. Weintraub*
Martin B. Goldberg
Greg J. Weintraub
Emily L. Pincow

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI  100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE  2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA  142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel