# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC,

        Plaintiff,

v.

ADVENTIST HEALTH SYSTEM/SUNBELT, INC.
D/B/A ADVENTHEALTH OVIEDO ER,

        Defendant.

CASE NO. 6:19-cv-01711-WWB-EJK

# DEFENDANT'S SUPLEMENTAL RESPONSE TO
# PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Adventist Health System/Sunbelt, Inc. d/b/a AdventHealth Oviedo ER ("AdventHealth"), hereby responds to pursuant to the First Set of Requests for Production Propounded Upon Adventist System/Sunbelt, Inc. d/b/a AdventHealth Oviedo ER on November 13, 2019, and states:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

AdventHealth objects to OMC's definition of the terms "AdventHealth," "You," and "Your" as dramatically overbroad and unduly burdensome for including any of AdventHealth's "predecessor corporations . . . successor corporations, and each subsidiary, affiliated or related company," "present or past directors, officers, employees, agents, consultants, accountants, attorneys and independent contractors," and "any person acting or purporting to act" on behalf of AdventHealth. AdventHealth has numerous employees and representatives that have no connection or relation to the subject matter of the allegations or the time period identified in the Requests. Moreover, the Requests, coupled with OMC's definition of a "Document" would unreasonably require electronic searches and collection of a vast amount of email accounts (whether professional or personal) of all of AdventHealth's present or past directors, officers, employees, agents, consultants, accountants, attorneys and independent contractors regardless of their knowledge, involvement, or association with the allegations in this lawsuit.

# REQUEST FOR PRODUCTION

**REQUEST NO. 1:** Produce corporate organizational charts or any other documents sufficient to identify Your current corporate ownership and management structure from January 1, 2018 to the present.

**RESPONSE**: AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.


**REQUEST NO. 2:** Produce all Documents relating to permits or licenses for operation of the AdventHealth Oviedo ER Facility.

**RESPONSE**: AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation. This Request is also vague as it fails to define documents "relating to permits or licenses for operation."

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.


**REQUEST NO. 3:** Produce any and all agreements between You and any third party related to the provision of services at the AdventHealth Oviedo ER Facility for which a third party vendor bills services directly to the patient.

**RESPONSE**: AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the

issues in the instant litigation. Finally, AdventHealth objects on the grounds that the repeated references to a "third party" make the scope of this request unclear and impossible to respond.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 4:** Produce all Documents, Communications, searches, surveys, reports, investigations, and studies concerning any patient, physician, consumer, vendors, or any third party confusion or possibility of confusion as to source, sponsorship, affiliation, approval, or relationship between the Plaintiff Oviedo ER Facility and the AdventHealth Oviedo ER Facility.

**RESPONSE**: AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. This Request is also vague as it fails to define documents "relating to permits or licenses for operation."

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 5:** Produce all Documents relating to domain names purchased by AdventHealth for the use or potential use for the AdventHealth Oviedo ER Facility.

**RESPONSE**: AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 6:** Produce all non-privileged Documents, including Communications, regarding, referring or relating to Plaintiff Oviedo ER without regard to any date limitation.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not limited to the relevant time period or the parties' respective claims or defenses. Documents responsive to this Request have no impact on any of the issues in the instant litigation. This Request is also vague as it fails to define documents "referring or relating to Plaintiff Oviedo ER."

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 7:** Produce all Communications relating to the use or potential use of the name "Oviedo ER" or any name which includes the term or phrase "Oviedo ER", including, but not limited to, "AdventHealth Oviedo ER."

**RESPONSE**: AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all communications" with no temporal connection to the facts or allegations in the complaint and is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 8:** Produce all Communications between Plaintiff and Defendant relating to the naming of the AdventHealth Oviedo ER Facility without regard to any date limitation.

**RESPONSE**: AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all communications" with no temporal connection to the facts or allegations in the complaint and is not relevant to the parties' respective claims or defenses. AdventHealth also objects because any "Communications between Plaintiff and Defendant" are already in the custody or control of OMC.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 9:** Produce all Communications between Defendant AdventHealth Oviedo ER and any third party regarding and/or referring to Plaintiff Oviedo ER or the Plaintiff Oviedo ER Facility without regard to any date limitation.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all communications" with no temporal connection to the facts or allegations in the complaint and is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 10:** Produce all Documents, including, but not limited to marketing studies, relating to the identification or description of the actual, targeted, or anticipated patients, customers or consumers of the AdventHealth Oviedo ER Facility.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 11:** Produce all Documents referring or relating to any telephone calls, letters, emails, inquiries or other communications from patients, customers, vendors, or any other third party which were intended for or appear to be intended for Plaintiff Oviedo ER.

**RESPONSE: None**

**REQUEST NO. 12:** Produce all financial records relating to the AdventHealth Oviedo ER Facility, including, but not limited to, all audited and unaudited financial statements, compilation letters, general ledgers, balance sheets, profit and loss statements, income statements, accounts receivable and payables, and all tax returns.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. AdventHealth also objects on the grounds that its sensitive financial information will not prove or disprove any of the allegations, claims, or defenses.

**REQUEST NO. 13:** Produce <u>Documents</u> sufficient to identify all revenues in connection with the sale and/or provision of services and/or the offering of services and/or the marketing or advertising of services at the <u>AdventHealth Oviedo ER Facility.</u>

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. AdventHealth also objects on the grounds that its sensitive financial information will not prove or disprove any of the allegations, claims, or defenses.

**REQUEST NO. 14:** Produce <u>Documents</u> sufficient to identify all costs in connection with the actual or anticipated sale and/or provision of services and/or the offering of services and/or the marketing or advertising of services at the <u>AdventHealth Oviedo ER Facility without regard to any date limitation</u>.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. AdventHealth also objects on the grounds that its sensitive financial information will not prove or disprove any of the allegations, claims, or defenses.

**REQUEST NO. 15:** Produce <u>Documents</u> sufficient to identify all payments made to <u>Defendant AdventHealth</u> for the sale and/or provision of services at the <u>AdventHealth Oviedo ER Facility</u>.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all payments," which is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. AdventHealth also objects on the grounds that

its sensitive financial information will not prove or disprove any of the allegations, claims, or defenses.

**REQUEST NO. 16:** Produce all surveys, reports, investigations, and studies concerning the market for healthcare or emergency services in the Oviedo, Florida market.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 17:** Produce all surveys, reports, investigations, and studies concerning the Sales Channels for healthcare or emergency services in the Oviedo, Florida market.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 18:** Produce all opinions, searches, surveys, reports, investigations and studies conducted by or on behalf of Defendant relating to any of its trademarks, trade names, and/or facility names.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 19:** Produce all opinions, searches, surveys, reports, investigations and studies conducted by or on behalf of <u>Defendant</u> concerning any of <u>Plaintiff Oviedo ER's Trademarks</u> and/or the term and name "Oviedo ER."

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 20:** Produce all searches, surveys, reports, investigations, and studies conducted by or on behalf of <u>Defendant</u> concerning any confusion or possibility of confusion between any of <u>Defendant's</u> services provided and any services provided by <u>Plaintiff,</u> including, but not limited to, those provided at the <u>AdventHealth Oviedo ER Facility</u> and <u>Plaintiff's Oviedo ER Facility</u>.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "any services provided by Plaintiff," which is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 21:** Produce all <u>Documents</u> referring or relating to any searches, surveys, reports, investigations, and studies performed by or on behalf of <u>Defendant</u> as to the availability of and/or <u>Defendant's</u> actual or proposed use of "Oviedo ER".

**RESPONSE:** AdventHealth objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. There are no non-privileged and responsive documents to produce.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 22:** Produce all Documents which identify and/or outline the steps taken by You to preserve relevant documents and communications after the Complaint was filed in this action.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation.

**REQUEST NO. 23:** Produce copies of all statements taken from any persons which relate in any way to the allegations in this Litigation, Complaint, Amended Complaint, or Injunction Papers including, but not limited to, tape/digital recordings, voice-mails, computer wave files, notes, and transcriptions.

**RESPONSE:** AdventHealth objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. There are no non-privileged and responsive documents to produce.

**REQUEST NO. 24:** Produce all reports, opinions, or memoranda comprising or referring to the facts, opinions, and basis for such opinions, about which each expert witness is expected to testify in this matter.

**RESPONSE:** AdventHealth objects to this request as necessarily seeking information protected by the work produce doctrine. AdventHealth will disclose its testifying experts, if any, and related documents in a manner consistent with this Court's case management deadlines and as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 25:** Produce all exhibits Defendant intends to introduce at a trial or hearing in this matter.

**RESPONSE:** AdventHealth further objects to this Request as discovery is in its infancy and it has yet to determine which documents it will introduce at trial. AdventHealth will produce these documents in a manner consistent with this Court's case management deadlines and as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 26:** Produce a privilege log of any documents requested by <u>Plaintiff</u> in its First Set of Discovery Requests which have been withheld by <u>You</u> based on claims of privilege, as detailed in Instruction No. 38.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad and unduly burdensome. AdventHealth further objects to this Request as discovery is in its infancy. AdventHealth also objects due to the overbroad and unduly burdensome nature of OMC's discovery, which renders it impossible to determine the extent of responsive but privileged documents.

**REQUEST NO. 27:** Produce all of <u>Defendant's</u> marketing or advertising relating to referring to the <u>AdventHealth Oviedo ER Facility</u>, including but not limited to, those including the phrase "AdventHealth Oviedo ER" or "Oviedo ER" as all or part of a phrase.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad and unduly burdensome. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.
Without waving the above objections and to the extent any responsive documents exist, AdventHealth will produce examples of responsive marketing materials.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 28:** Produce documents sufficient to identify the type and total costs of all advertising, marketing and promotional activities related to the <u>AdventHealth Oviedo ER Facility</u>.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. AdventHealth also objects on the grounds that its sensitive financial information will not prove or disprove any of the allegations, claims, or defenses.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 29:** Produce all of Defendant's social media posts relating to the AdventHealth Oviedo ER Facility, including but not limited to those including or incorporating the phrase "AdventHealth Oviedo ER" or "Oviedo ER".

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all of Defendant's social media posts," which are not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege. Documents responsive to this Request have no impact on any of the issues in the instant litigation. AdventHealth also objects on the grounds that its sensitive financial information will not prove or disprove any of the allegations, claims, or defenses. Finally, AdventHealth objects on the grounds that said social media posts are publically available for OMC to download at its convenience.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 30:** Produce all Documents relating to the '168 Mark.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 31:** Produce all Documents relating to the '339 Mark.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this

Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 32:** Produce all Documents relating to the November 16, 2018 Letter.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 33:** Produce all Documents relating to the December 6, 2018 Letter.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 34:** Produce all Documents relating to the January 2, 2019 Letter.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 35:** Produce all Documents relating to the April 17, 2019 Letter.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 36:** Produce all Documents relating to the AdventHealth Oviedo ER Billboard.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 37:** Produce all Documents relating to the Articles.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 38:** Produce all Documents relating to the AdventHealth Video.

**RESPONSE:** AdventHealth objects to his Request as necessarily violating the work product doctrine. All non-privileged documents have already been produced.

**REQUEST NO. 39:** Produce all Documents relating to the "workatoviedoer.com" domain name.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

Without waving the above objections and to the extent any responsive documents exist, AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

**REQUEST NO. 40:** Produce all Documents relating to the AdventHealth Naming Convention.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 41:** Produce all Documents relating to any strategic analyses referring or relating to Plaintiff, its parent organizations, or Plaintiff's Oviedo ER Facility including, but not limited to, discussions relating to Plaintiff or Plaintiff's Oviedo ER Facility as a competitor to Defendant, Defendant's strengths, Plaintiff's weaknesses, opportunities for Defendant, and threats to Defendant (i.e., SWOT Analyses).

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks all "documents," which are not relevant to the parties' respective claims or defenses.

AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 42:** Produce all <u>Documents</u> relating to AdventHealth Oviedo ER and AdventHealth Lake Mary ER's compliance with the Emergency Medical Treatment and Labor Act (EMTALA) including, but not limited to, EMTALA Logs or other documents evidencing Defendant's transfer of patients to another hospital.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks documents unrelated to the facility at issue in this litigation and are not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**REQUEST NO. 43:** Produce all <u>Documents</u> referring or relating to instances when patients have left the AdventHealth Oviedo ER Facility or the AdventHealth Lake Mary ER "against medical advice."

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks documents unrelated to the facility at issue in this litigation and are not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 44:** Produce all <u>Documents</u> relating to names considered for the AdventHealth Oviedo ER Facility at any time.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all Documents" which are not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 45:** Produce all Documents relating to Defendant's policies concerning patients who have a treating physician licensed at a competing facility where the patient was admitted at a facility owned and operated by Defendant.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all Documents" which are not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**REQUEST NO. 46:** Produce all Documents relating to the transfer of patients from a facility owned and operated by Defendant to a competitive facility including, but not limited to, written policies relating to such transfer.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request seeks "all Documents" which are not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**REQUEST NO. 47:** Produce all Documents sufficient to identify all persons You have hired or retained for the AdventHealth Oviedo ER Facility through the domain name workatoviedoer.com including, but not limited to, Documents that show when each individual was hired and position for which they were hired.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: AdventHealth will produce non-privileged, non-confidential documents as identified by the Parties' ESI agreement and search terms.

**REQUEST NO. 48:** Produce all Documents sufficient to identify when You obtained the domain name workatoviedoer.com, the date it was obtained and who obtained it, and how it was obtained.

**RESPONSE:** AdventHealth objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this case as this Request is not relevant to the parties' respective claims or defenses. AdventHealth further objects to this Request to the extent it seeks information protected by the work product doctrine and attorney-client privilege.

AdventHealth will apply a reasonable construction to this Request and produce documents at an agreed time and in an agreed format after conferral with Plaintiff and in accordance with the Electronically Stored Information Protocol negotiated by the Parties.

Respectfully submitted this 3rd day of July, 2020

/s/ *Mayanne Downs*
Mayanne Downs
Florida Bar No. 754900
Primary: mayanne.downs@gray-robinson.com
Secondary: kathy.savage@gray-robinson.com
Michael J. Colitz, III
Florida Bar No. 164348
Primary: michael.colitz@gray-robinson.com
Secondary: jessica.gonzalez@gray-robinson.com
Jason Zimmerman
Florida Bar No. 104392
Primary: jason.zimmerman@gray-robinson.com
Secondary: cindi.garner@gray-robinson.com
**GrayRobinson, P.A.**
301 E. Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

*Attorneys for Defendant,*
*ADVENTIST HEALTH SYSTEM/SUNBELT, INC.*
*D/B/A ADVENTHEALTH OVIEDO ER*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2020, I forwarded a true and copy of the foregoing via email on:

*Counsel for Plaintiff, Oviedo Medical Center LLC:*

| | |
|---|---|
| Martin B. Goldberg, Esq. | Dennis D. Murrell |
| Emily L. Pincow, Esq. | Elisabeth S. Gray |
| Lash & Goldberg, LLP | Brian McGraw |
| Miami Tower | Middleton Reutlinger |
| 100 SE 2nd Street, Suite 1200 | 401 S. Fourth Street, Suite 2600 |
| Miami, Florida 33131-2158 | Louisville, Kentucky 40202 |
| mgoldberg@lashgoldberg.com | dmurrell@middletonlaw.com |
| epincow@lashgoldberg.com | egray@middletonlaw.com |
| | bmcgraw@middletonlaw.com |

/s/ *Mayanne Downs*
Mayanne Downs
Florida Bar No. 754900