UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC,

    Plaintiff,

v.

ADVENTIST HEALTH SYSTEM/SUNBELT, INC.
D/B/A ADVENTHEALTH OVIEDO ER,

    Defendant.

CASE NO. 6:19-cv-01711-WWB-EJK

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S EXPEDITED SHORT-FORM MOTION TO SHORTEN TIME FOR DEFENDANT TO RESPOND TO DISCOVERY [DKT 95]

Defendant Adventist Health System/Sunbelt, Inc. hereby opposes Plaintiff's Expedited Short-Form Motion to Shorten Time for Defendant to Respond to Discovery (the "Motion").

1. Plaintiff's Motion marks the second time in a week that it has sought to modify a discovery deadline. On August 28, 2020, Plaintiff filed its "Unopposed Motion to Modify Interim Dates in the Scheduling Order" (the "Prior Motion"). [Dkt. 90.] The Prior Motion sought to enlarge the expert disclosure and discovery deadlines. During the conferral on the Prior Motion, Defendant stated that the reasons given for the requested extension were insufficient and that it opposed the motion. Despite this, and in violation of Local Rule 3.01(g), Plaintiff filed its Prior Motion as "unopposed." [Dkt. 92 at ¶¶1,5.] The Prior Motion was denied. [Dkt. 93.] Unsatisfied with this ruling, Plaintiff now files the present Motion.

2. Plaintiff argues it is not trying the "circumvent the Court's order denying its motion to extend the expert deadline." [Dkt. 95 at Pg. 2.] However, this is precisely what Plaintiff is doing. Instead of extending the discovery deadlines by 30 days, Plaintiff now seeks an order

accelerating discovery by 14 days or more.[1] Either way, this is an impermissible modification of the Court's Case Management and Scheduling Order.

3. The arguments presented in the two motions are also identical. The Prior Motion argued that "[t]he financial information sought by Plaintiff is necessary for Plaintiff's expert to determine damages." [Dkt. 90 at Pg. 5.] The present Motion again argues "[a]bsent an order shortening Defendant's Time to Respond, Plaintiff will be prejudiced in its ability to obtain an expert opinion regarding damages." [Dkt. 95 at Pg. 2.] In denying the Prior Motion, the Court specifically rejected this rationale as constituting the good cause necessary for modifying the Court's Case Management and Scheduling Order. "Plaintiff has not shown good cause for an extension of the requested deadlines at this time." [Dkt. 93.]

4. The Parties were previously engaged in a Settlement Conference before Magistrate Judge Hoffmann. [Dkt. 74, 77, 87.] These settlement efforts lasted for well over a month. During this time, the parties did not pursue discovery. However, at the conclusion of the Settlement Conference, the parties were warned that any outstanding deadlines would not be extended.

5. Furthermore, any urgency is belied by the discovery requests underlying the current Motion. The current Motion is directed to an entirely new set of discovery requests served on August 31, 2020. [Dkt. 95-1.] These requests seek, *inter alia*, information related to patients who transferred from AdventHealth Oviedo ER to another AdventHealth facility. These requests appear totally unrelated to any damage calculation under the Lanham Act, and there

---

[1] Plaintiff seeks a response to its discovery by September 14. Should the Motion be granted, Defendant would have only 4 days to respond.

is no reason why these requests could not have been previously served in the nearly 11 months discovery has been open in this case.

6. It is respectfully submitted that Plaintiff's Motion be denied.

Respectfully submitted this 8th day
of September, 2020,

*/s/ Mayanne Downs*
Mayanne Downs
Florida Bar No. 754900
Primary: mayanne.downs@gray-robinson.com
Secondary: kathy.savage@gray-robinson.com
Michael J. Colitz, III
Florida Bar No. 164348
Primary: michael.colitz@gray-robinson.com
Secondary: jessica.gonzalez@gray-robinson.com
Jason Zimmerman
Florida Bar No. 104392
Primary: jason.zimmerman@gray-robinson.com
Secondary: cindi.garner@gray-robinson.com
**GrayRobinson, P.A.**
301 E. Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

*Attorneys for Defendant,*
*ADVENTIST HEALTH SYSTEM/SUNBELT, INC.*
*D/B/A ADVENTISTHEALTH OVIEDO ER*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2020, a true and correct copy of the foregoing was filed through the CM/ECF system which will serve an electronic copy on

*Counsel for Plaintiff, Oviedo Medical Center LLC*:

| | |
|---|---|
| Martin B. Goldberg, Esq. | Dennis D. Murrell |
| Emily L. Pincow, Esq. | Elisabeth S. Gray |
| Lash & Goldberg, LLP | Brian McGraw |
| Miami Tower | Middleton Reutlinger |
| 100 SE 2nd Street, Suite 1200 | 401 S. Fourth Street, Suite 2600 |
| Miami, Florida 33131-2158 | Louisville, Kentucky 40202 |
| mgoldberg@lashgoldberg.com | dmurrell@middletonlaw.com |
| epincow@lashgoldberg.com | egray@middletonlaw.com |
| | bmcgraw@middletonlaw.com |

/s/ Mayanne Downs
Mayanne Downs
Florida Bar No. 754900