UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO MEDICAL CENTER, LLC,

    Plaintiff,

v.

ADVENTIST HEALTH SYSTEM/SUNBELT, INC.
d/b/a ADVENTHEALTH OVIEDO ER,

    Defendant.

CASE NO. 6:19-cv-01711-WWB-EJK

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S EXPEDITED SHORT-FORM MOTION TO COMPEL DEPOSITION

1. Defendant opposes Plaintiff's Motion.

2. A corporate representative is deemed prepared when they answer the majority of the key questions posed. *See Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, 2011 WL 13150169, at *2 (MD FL).

3. In this case, opposing counsel presented Mr. Eric Ostarly with over 600 pages of financial records. The majority of these pages were detailed spreadsheets containing thousands of individual accounting entries. Unsurprisingly, Mr. Ostarly was unable to identify some entries. However, Mr. Ostarly, as the CFO of the facility at issue, did explain the overall content of the documents and how they provide a complete financial picture of AdventHealth Oviedo ER (the "Facility").

4. **Proforma.** Plaintiff's Motion argues that Mr. Ostarly was unable to testify about the meaning of an "Oviedo ED Proforma." (Dkt. 103 at Pg. 2, Tr. at Ex. 3, Pg. 3.) This is incorrect. Mr. Ostarly explained that the Proforma forecasted anticipated revenues and expenses over five and ten year periods. (Tr. 61:23-25, 94: 5-25.) Mr. Ostarly explained that

the Proforma was used prior to the Facility's construction. (Tr. 89: 1-6.) Now that the Facility is built, it is no longer used. (Tr. 89: 1-6.) Plaintiff's Motion argues that in view of the Proforma, it is "implausible" that Defendant does not track the revenues of patients who transfer from the Facility to another AdventHealth facility. (Dkt. 103 at Pg. 2.) Despite Plaintiff's unfounded speculation, Mr. Ostarly clearly stated that Defendant does not track the revenues or expenses associated with such transfers. (Tr. 66: 11-19, 23:19-25.)

     5. **Overhead Allocations.** Plaintiff's motion also argues that Mr. Ostarly was unable to provide details regarding the calculations of the overhead allocations of the Facility. This is also incorrect. Mr. Ostarly explained that certain expenses are shared among 8 different hospitals comprising Defendant's Central Florida Region. (Tr. 13: 1-10, 47: 4-11.) He gave a list of these types of shared expenses. (Tr. 16: 15-20.) He explained that the Defendant does not account for these types of shared expenses at the facility level. (Tr. 16: 15-20, 60:6-14.) Instead, in response to Plaintiff's discovery requests, a pro rata allocation was provided for the Facility. (Tr. 18:8-25, 19:1-14, Ex. 3) Mr. Ostarly explained that this pro rata figure was determined by dividing the direct expenses of the Facility by the direct expenses of the Central Florida Region. (*See id.,* Tr. 22: 16-19.) Defendant provided a detailed listing of all the direct expenses associated with the Facility. (Tr. at Ex. 5.) What Defendant has not produced, and has objected to producing, are all the direct expenses of the Central Florida Region. That is because those other facilities are not "AdventHealth Oviedo ER" and do not stand accused of infringing Plaintiff's trademarks.

6. Mr. Ostarly testified that the overhead calculation and the associated income statements provide a complete and accurate depiction of the finances of the Facility. (Tr. 23: 1-12.) He stated he is unaware of any other relevant financials that exist. (Tr. 64: 7-12.)

Respectfully submitted this 29th day of September, 2020,

/s/Mayanne Downs
Mayanne Downs
Florida Bar No. 754900
Primary: mayanne.downs@gray-robinson.com
Secondary: kathy.savage@gray-robinson.com
Michael J. Colitz, III
Florida Bar No. 164348
Primary: michael.colitz@gray-robinson.com
Secondary: jessica.gonzalez@gray-robinson.com
Jason Zimmerman
Florida Bar No. 104392
Primary: jason.zimmerman@gray-robinson.com
Secondary: cindi.garner@gray-robinson.com
**GrayRobinson, P.A.**
301 E. Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

*Attorneys for Defendant,*
*ADVENTIST HEALTH SYSTEM/SUNBELT, INC.*
*D/B/A ADVENTISTHEALTH OVIEDO ER*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2020, a true and correct copy of the foregoing was filed through the CM/ECF system which will serve an electronic copy on

*Counsel for Plaintiff, Oviedo Medical Center LLC*:

| | |
|---|---|
| Martin B. Goldberg, Esq. | Dennis D. Murrell |
| Emily L. Pincow, Esq. | Elisabeth S. Gray |
| Lash & Goldberg, LLP | Brian McGraw |
| Miami Tower | Middleton Reutlinger |
| 100 SE 2nd Street, Suite 1200 | 401 S. Fourth Street, Suite 2600 |
| Miami, Florida 33131-2158 | Louisville, Kentucky 40202 |
| mgoldberg@lashgoldberg.com | dmurrell@middletonlaw.com |
| epincow@lashgoldberg.com | egray@middletonlaw.com |
| gweintraub@lashgoldberg.com | bmcgraw@middletonlaw.com |

*/s/ Mayanne Downs*
Mayanne Downs
Florida Bar No. 754900